## W. T. CLAYTON ET AL. V. ISAAC S. HURT.

### No. 339.

1. **Courts of General Jurisdiction.**

Where a court of general jurisdiction, in the exercise of its ordinary judicial functions, renders a judgment in a cause in which it has jurisdiction over the person of the defendant and of the subject matter in controversy, such judgment is never void, no matter how erroneous it may appear from the face of the records or otherwise ................................ ............... 598

2. **Justice Courts.**

The language of the Constitution, that "the justices of the peace shall have jurisdiction," etc., confers upon them the general judicial powers of the government over the subjects therein prescribed; and such jurisdiction is as general and exclusive as is that of the various other courts mentioned in the Constitution over the subjects committed to them. The Justice Courts are of general jurisdiction within the scope of subjects within their authority ......................................................... 598

3. **Forcible Entry and Detainer.**

The Justice Court, in forcible entry and detainer proceedings under our statute, is in the exercise of its ordinary judicial functions, and not of a special and summary power committed to it ................................. 599

4. **Erroneous Judgment.**

The improper determination of either or all of the material facts in controversy in an action of forcible entry and detainer, although error, does not render the judgment void ................................ .......... ........ 600

QUESTION CERTIFIED from Court of Civil Appeals for First District, in an appeal from Galveston County.

*L. E. Trezevant*, for appellant.—The action of forcible entry and detainer as prescribed by the laws of the several States is a summary proceeding in derogation of the common law. This seems to be the consensus of opinion of all the courts in which the question has arisen.

To remedy the evil of an inadequate security to the landlord afforded by the slow and measured progress of the action of ejectment, the Legislatures of most of the States, following the English statute, II. George, 2, have provided a summary proceeding by which the landlord may speedily recover possession of his property where the tenant continues in possession after the expiration of his term. 2 Taylor Landl. and Ten., sec. 713.

Our statute prescribes, as the contingency upon which a justice may issue a citation in this action, the filing of a written complaint under

oath, which shall state the facts which entitle the complainant to the possession, and which authorizes the action of forcible entry and detainer.    Sayles' Civ. Stat., arts. 2444, 2445.

A party may be entitled to the possession of land, and that, too, as against one who is holding over after the determination of the lease, and still he may not be entitled to the swift remedy of the statute. Cooper v. Marchbanks, 22 Texas, 1.

Every essential fact required to entitle the petitioner to this remedy should be clearly stated.    Jurisdiction depends upon the petition, and every fact required to give jurisdiction must be stated; and if it lacks unessential requisites, and all the matters specified by the statute as requisite to give this remedy are essential, all subsequent proceedings are void.    2 Wood Landl. and Ten., sec. 577.

With respect to this affidavit great particularity is required, and every fact necessary to bring the case within the statute and to give the officer jurisdiction, must be distinctly stated.    Without such affidavit, the landlord, as well as the magistrate and the officer who executes the warrant, will be considered trespassers.    2 Taylor Landl. and Ten., sec. 467.

Where certain steps are required to be taken as the foundation of the proceedings, as the filing a petition containing certain facts, giving bond, etc., such steps are jurisdictional, and must be taken, or the proceedings will be void.    Works on Courts, 88, 89; Steen v. Norton, 45 Wis., 412; Withers v. Patterson, 27 Texas, 491; Willis v. Hogan, 1 Breeze (Ill.), 337; Proutty v. Proutty, 5 How. Pr., 81; Campbell v. Mallory, 22 How. Pr., 183; Hill v. Stocking, 6 Hill, 314; Overton v. Sutton, 5 Wend., 281; Gruman v. Raymond, 1 Conn., 39; Prickett v. Ritter, 16 Ill., 96; McLean v. Spratt, 19 Fla., 97; McDevitt v. Lambert, 80 Ala., 536; Currier v. Perly, 24 N. H., 219; 12 Am. and Eng. Encyc. of Law, 274, 275; 2 Taylor Landl. and Ten., sec. 718.

*Spencer & Kincaid,* for appellee.—The Justice Court had jurisdiction of the subject matter, and authority to hear and determine the questions involved in the forcible detainer suit between appellee as plaintiff and appellant as defendant; and the County Court, to which appellant carried the cause, also had jurisdiction, and the judgments of said courts can not be attacked collaterally.    Rev. Stats., art. 2443; Gulledge v. White, 73 Texas, 499; Cahill v. Railway, 76 Texas, 100; Irwin v. Davenport, 84 Texas, 512; The People v. Collins, 19 Wend., 55; 2 Black on Judg., 663.

DENMAN, Associate Justice.—In this cause the Court of Civil Appeals of the First Supreme Judicial District have certified to us, with the accompanying statement, the following questions:

"On December 9, 1893, the appellee, Isaac S. Hurt, under oath, filed in the Justice Court, precinct number 1, for Galveston County, a complaint in writing, in which he alleges, that complainant demised

certain premises, in this complaint duly described, to W. T. Clayton, on the 7th of September, 1893, for one month, and thereafter for another month, and thereafter for another month, ending December 7, 1893. That, being desirous, upon the termination of said term, to have and again repossess his said estate, complainant on the 5th day of December, 1893, made a demand in writing of said Clayton for possession thereof, and the said Clayton has hitherto refused to comply with said demand, and willfully holds said premises. Upon this complaint, Clayton was duly cited to answer same. Clayton appeared in said Justice Court and excepted to the complaint, on the ground, among others, that the complaint did not allege, and that it did not appear, that the complainant had given notice in writing or otherwise, to defendant of the termination of the lease, or of the determination of the complainant's will at such time, as is reasonable and proper in law. These exceptions were overruled, and upon trial in the Justice Court, judgment was rendered for complainant. Defendant appealed to the County Court, and judgment was again rendered for appellee; and under this judgment the defendant, Clayton, was ejected from the premises and execution levied on the property of the sureties upon his appeal bond, the defendant being insolvent. Petition for injunction restraining the execution of the judgment of the County Court against the defendant, Clayton, and his sureties was presented to the judge of the District Court of Galveston County, which being refused, they filed suit in the said District Court against the complainant, Hurt, and the said justice of the peace. The object of this suit was to obtain relief from the judgments of the Justice and County Courts, upon the ground, that the complaint was insufficient to authorize judicial proceedings for restitution of the premises against defendant, and the proceedings and the judgment rendered under the complaint void. Hurt and the justice of the peace filed exceptions to the petition, asserting, that the judgment in the County Court was conclusive of the matters adjudicated therein, and that the plaintiff's petition was without equity. These exceptions were sustained by the District Court, and the plaintiff's suit was dismissed; and from that judgment they prosecuted an appeal to this court.

"If it be the law of this State that a lease, such as described in the complaint, does not terminate until one month after notice given to the lessee to quit the premises, did or did not the failure to allege such notice in the complaint deprive the justice of the power to cite the lessee to answer the complaint, and render void the judgments of the justice of the peace and of the County Court for restitution of the premises?

"As the complaint shows upon its face that the written demand for the possession of the premises was delivered to the lessee two days before the expiration of the lease, were or were not the proceedings and judgment had and rendered under such complaint null and void?"

Where a court of general jurisdiction, in the exercise of its ordinary judicial function, renders a judgment, in a cause in which it has jurisdiction over the person of the defendant and the subject matter of the controversy, such judgment is never void, no matter how erroneous it may appear, from the face of the records or otherwise, to be.

An analysis and application of this rule to the facts stated will answer the questions certified.

Whether a court is to be classed one of general or one of special and limited jurisdiction, depends not upon the classification of courts of similar names in other jurisdictions, but upon the duties and powers devolved upon it, and the manner of their exercise as prescribed by the organic law.

The Constitution of this State, in distributing the judicial power of the government among the various courts and defining their relation to each other, after providing for the division of the county into precincts and the election of a justice of the peace in each precinct, provides, that "justices of the peace shall have jurisdiction * * * in civil matters of all cases where the amount in controversy is $200 or less, exclusive of interest, of which exclusive original jurisdiction is not given to the District or County Courts; and such other jurisdiction, criminal and civil, as may be provided by law, under such regulations as may be prescribed by law." In pursuance of the power thus conferred, the Legislature has by law conferred upon such justices jurisdiction of forcible entry and detainer cases.

The language of the Constitution, that "the justices of the peace shall have jurisdiction," etc., confers upon them the general judicial powers of the government over the subjects therein specified, subject to the limitations therein prescribed; and such jurisdiction is as general and exclusive as is that of the various other courts mentioned in the Constitution over the subjects committed to them. The fact that their judgments are subject to revision in the various forms prescribed by law does not tend to show that they are courts of limited or special jurisdiction; for such judgments can be revised or annulled only in the instances and in the manner prescribed by the Constitution in fixing the jurisdiction of the other courts; and until so revised or amended, are of as much binding force as the judgments of any other court.

We therefore hold them to be courts of general jurisdiction, within the meaning of the rule above stated. Williams v. Ball, 52 Texas, 603; Holmes v. Buckner, 67 Texas, 107.

It is contended, however, that the Justice Court in forcible entry and detainer proceedings, under our statute, is not "in the exercise of its ordinary judicial functions," but exercises only special and summary powers, and that therefore each step in the proceeding must appear to have been done in accordance with the statute regulating same, before the judgment can be held valid. In order to determine this question, we must look to the statute conferring this jurisdiction upon the court and regulating the manner of its exercise. The statute provides for

the beginning of the proceedings by complaint; for the issuance and service of process upon the defendant, and return thereof by the officer serving same; for the summoning by the executive officer of a jury to try said cause; for the summoning and compelling the attendance of witnesses; for the postponement of the trial upon application of either party for good cause shown; for the impanelling and swearing of the jury "as in other cases;" for the docketing and trial of the cause "as in other cases;" for the rendition of a judgment by the justice upon and in accordance with the verdict of the jury; and finally, for appeal by either party from such judgment to the County Court. It is clear, that during the trial the court is to be governed by the ordinary rules of law applicable in other cases. It is true that the statute expressly provides, that "the only issue shall be as to the right of actual possession, and the merits of the title shall not be inquired into;" but this does not authorize the court in the trial of such issue to apply any other than the ordinary rules of law governing its proceedings. The question as to what evidence can properly be admitted upon such issue is often of difficult determination, and must be decided by the court trying the cause, governed by the rules of law. The decision of such questions, as well as various questions which may arise from the beginning to the end of the proceedings, including the motion for a new trial, calls into exercise the ordinary judicial functions of the court. We are therefore of the opinion that the contention above stated, that the court is not in the exercise of ordinary judicial functions, can not be maintained. Therefore, if it be conceded that the ruling of the justice to the effect that the landlord was only required to give the notice for the length of time stated on the face of the complaint, was erroneous in point of law, such error did not render the judgment void, under the rule above stated. Railway v. Dowe, 70 Texas, 1.

No question is raised as to the jurisdiction of the justice over the person of the defendant, for he appears not only to have been served with process, but to have entered his appearance, and after the trial of the cause appealed to the County Court; but it is contended, that it appears from the face of the complaint that the justice had no jurisdiction of the subject matter of the controversy. The ground upon which this contention is based is, that the justice has no jurisdiction to entertain a suit of forcible detainer by a landlord against a tenant until the term has terminated; and that since it appears from the face of the complaint that it was a lease from month to month, the notice given on the 5th of December, only two days prior to the ending of the month on the 7th of December, 1893, did not in law terminate the lease. We are not called upon to determine whether the justice erred as a matter of law in holding such notice sufficient. The sole question for us to determine is, did the justice have jurisdiction of the suit? For if he had jurisdiction, as stated above, his judgment is not void, though it be conceded that his ruling as to the sufficiency of the notice

was erroneous. The statute provides, that "if any person shall willfully and without force hold over any lands, tenements, or other real property after the termination of the time for which such lands, tenements, or real property were let to him, or to the person under whom he claims, after demand made in writing for the possession thereof by the person or persons entitled to such possession, such person shall be adjudged guilty of forcible detainer." The class of cases of which jurisdiction is conferred by this section of the statute is that where a landlord, or some one entitled to his rights, seeks to recover possession, from his tenant or some one claiming under him, urging as cause of action that the lease under which the possession was obtained has been terminated. The jurisdiction of the court attaches when a case belonging to this class is stated in the face of the complaint. After the jurisdiction attaches, it then becomes the duty of the court on exceptions raised to the complaint, of the jury upon the evidence adduced in support thereof, and of the court again on motion for new trial, to determine (1) whether the lease had in fact terminated, (2) whether demand had been made in writing for the possession, and (3) whether the holding over thereafter was willful. The improper determination of either or all of these questions are merely errors occurring on the trial, which, under the rule above indicated, does not render the judgment void, although such errors appear on the face of the record. If one be sued in a Justice Court upon a contract to which he is not a party, or a married woman be sued upon a note which she had no power to contract, the judgment rendered thereon, though palpably erroneous, is not void. Railway v. Dowe, 70 Texas, 1; Trimble v. Miller, 24 Texas, 215.

These cases fall within the general rule stated in the beginning of this discussion.

We are therefore of the opinion, that the judgments of the Justice and County Courts referred to in the questions certified are not void.

Delivered November 14, 1895.