**MISSOURI PACIFIC RAILROAD COMPANY, Appellant,**

v.

**KILLAM OIL COMPANY, Appellee.**

**MISSOURI PACIFIC RAILROAD COMPANY, Relator,**

v.

**Honorable, Manuel R. FLORES, Respondent.**

**No. 04–88–00456–CV, 04–88–00466–CV.**

Court of Appeals of Texas, San Antonio.

Nov. 23, 1988.

Rehearing Denied Jan. 3, 1989.

C.M. Zaffirini, Zaffirini, Cuellar, Castillo & Salinas, Laredo, Robert B. Burns, Jr., Wilson, Grosenheider & Burn, Austin, Richard C. Danysh, Matthews & Branscomb, San Antonio, for appellant.

Eddie Vassallo, Law Offices of Eddie Vassalo, Dallas, for appellee.

Before BUTTS, REEVES and CHAPA, JJ.

## OPINION

REEVES, Justice.

This proceeding consists of an appeal from a temporary injunction granted against Missouri Pacific Railroad Company, in connection with certain condemnation actions undertaken in the County Court at Law of Webb County. It is consolidated with a petition for writ of mandamus sought by Missouri Pacific against the Honorable Manuel Flores, Judge of the 49th District Court of Webb County, who had granted the temporary injunction. For the reasons set forth hereinafter, we conditionally grant the writ of mandamus against Judge Flores and order him to dissolve the temporary injunction which prohibited Missouri Pacific from proceeding in Cause No. 111, in the Webb County Court at Law.

This controversy commenced on October 15, 1987, when Missouri Pacific filed a petition in condemnation in the Webb County Court at Law against Killam Oil Company, including Killam & Hurd, Hurd Enterprises, and Las Minas Material Company. On January 29, 1988, an order appointing special commissioners was entered by County Court at Law Judge Raul Vasquez, after each party was given an opportunity to submit five names as potential special commissioners. On the same date, the three special commissioners selected took their oaths of office.

On March 3, 1988, Killam Oil Company filed a petition to perpetuate testimony in Cause No. 38,810 in the 49th District Court of Webb County.

On June 2, 1988, in the County Court at Law, Killam Oil Company filed special exceptions and, in the alternative, a motion to strike and a plea to the jurisdiction/plea in abatement, raising several jurisdictional issues.

On June 6, 1988, the date set for hearing of the condemnation proceedings in Webb County Court at Law, Killam Oil Company filed a petition and application for temporary restraining order and temporary injunction, which was assigned to the 111th District Court of Webb County; this action was subsequently dismissed the same day. The action was re-filed, however, in Cause No. 38,810 in the 49th District Court of Webb County, where Judge Flores was presiding. At approximately 5:10 p.m., Judge Flores granted a temporary restraining order (TRO), while the special commissioners deliberated their award in the eminent domain proceeding in County Court at Law. The TRO required a halt to the deliberations of the special commissioners.

Thereafter, the special commissioners were permitted, for reasons not made clear in the record before us, to make their condemnation award, and they found damages in the amount of $2,253,550.00 in favor of Killam Oil Company, Killam & Hurd, Hurd Enterprises, and Las Minas Material Company. Subsequently, on August 26, 1988, the temporary restraining order was converted to a temporary injunction, with final hearing set for October 17, 1988. Objections to the award of the special commissioners were left pending after the TRO was granted, and those objections remain unresolved.

On September 6, 1988, Missouri Pacific filed its motion to dismiss for lack of jurisdiction, contending that where the County Court at Law obtained prior and exclusive jurisdiction over the eminent domain proceedings, the district court was without jurisdiction to interfere. On September 8, 1988, Judge Flores signed an order denying the motion to dismiss for lack of jurisdiction; previously, Judge Flores had set the

amount of the supersedeas bond at $2.3 million.

Missouri Pacific brings six points of error in this consolidated appeal/mandamus proceeding, in urging that the district court erred in (1) abusing its discretion in granting the temporary injunction prohibiting Missouri Pacific from proceeding in the eminent domain action, because the trial court lacked jurisdiction to enjoin the County Court at Law proceedings; (2) assuming jurisdiction over the action, where the Webb County Court at Law acquired prior and exclusive jurisdiction over the condemnation proceedings; (3) abusing its discretion in assuming jurisdiction over the action, where the Webb County Court at Law acquired prior and exclusive jurisdiction over the condemnation proceedings; (4) in prohibiting Missouri Pacific from proceeding in the County Court at Law where Killam Oil Company did not plead or prove that the County Court at Law had (a) no jurisdiction of the parties or property, (b) no jurisdiction of the subject matter, (c) no jurisdiction to enter the particular judgment entered, and (d) no capacity to act as a court; (5) in prohibiting Missouri Pacific from proceeding in the County Court at Law, where Killam Oil Company failed to plead or prove that the County Court at Law proceedings were void; and (6) in granting a temporary injunction where Killam Oil Company's pleadings were not properly verified.

In response to these points of error, Killam Oil Company replied (1) there was no abuse of discretion in granting the temporary injunction against Missouri Pacific's proceeding in the eminent domain action, because the County Court at Law did not obtain prior and exclusive jurisdiction over the action; (2) there was no abuse of discretion in granting the temporary injunction, because Killam Oil Company was not required to plead or prove that the County Court at Law lacked jurisdiction over the parties or the property, or to enter the particular judgment, or to act as a court; and (3) there was no abuse of discretion in denying Missouri Pacific's motion to strike the application for temporary injunction and/or deny it as a matter of law, because

the temporary injunction, despite a defective verification, could be granted after notice and a full evidentiary hearing.

We find merit in Missouri Pacific's second and third points of error, which urged that Judge Flores erred in assuming jurisdiction over the action, where the County Court at Law acquired prior and exclusive jurisdiction over the condemnation proceedings. The Supreme Court of Texas, in *Austin Independent School District v. Sierra Club*, 495 S.W.2d 878 (Tex.1973), was confronted with an analogous dilemma to that in the instant appeal, that is, whether a suit filed in district court is an ineffectual collateral attack on the judgment of a county court at law in an eminent domain proceeding. The Court found that such an attempt to undermine the county court at law was a collateral attack, brought "in a different court that has no power to review the judgment of the County Court at Law in an eminent domain proceeding." *Id.* at 881. The Supreme Court held that:

> Our county courts, and in this instance the County Court at Law are courts of general jurisdiction in eminent domain matters. Plaintiffs' attack on the condemnation judgment is governed, therefore, by established rules applicable to attacks on judgments rendered by courts of general jurisdiction. (Citations omitted).

> The question then arises as to whether the attack is direct or collateral. See Hodges, *Collateral Attacks on Judgments,* 41 Tex.L.Rev. 163, 499; *Templeton v. Ferguson,* 89 Tex. 47, 33 S.W. 329; *Crawford v. McDonald,* 88 Tex. 626, 33 S.W. 325; *Clayton v. Hurt,* 88 Tex. 595, 32 S.W. 876. A direct attack is a proceeding instituted for the purpose of correcting the earlier judgment. It may be brought in the court rendering the judgment or in another court that is authorized to review the judgment on appeal or by writ of error. The purpose of a direct attack is to change the former judgment and secure the entry of a correct judgment in lieu of the earlier incorrect one. This relief may be obtained on the basis of any error that probably

caused the rendition of an improper judgment.

It is clear that the present suit is a collateral attack, and plaintiffs make no serious contention to the contrary. The suit was brought in a different court that has no power to review the judgment of the County Court at Law in an eminent domain proceeding....

*Id.* at 881. The Court observed that:

The judgment of a court of general jurisdiction is not subject to collateral attack except on the ground that it had no jurisdiction of the person of a party or his property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a court.

*Id.* Missouri Pacific correctly argues that the district court's action enjoining the County Court at Law condemnation proceedings could only have been proper upon showing that the County Court at Law's action was void. None of the four exceptional circumstances which would permit a collateral attack under *Austin Independent School District* is present in the case before us. It is obvious that the County Court at Law had jurisdiction of the person of the parties and the property; jurisdiction of the subject matter; jurisdiction to enter the particular judgment; and capacity to act as a court. Killam Oil Company does not claim that either it or Missouri Pacific was improperly before the County Court at Law; Killam Oil urged only that other Killam family members should also have been before the court.

Missouri Pacific correctly argues that prior and exclusive jurisdiction of the parties and property attached on October 15, 1987, at the time the original petition in condemnation was filed. We do not find meritorious Killam Oil's contention that the description of the subject property in the original petition in condemnation was so defective that it could not be ascertained; in fact, witnesses for both Missouri Pacific and Killam Oil testified that the property could be identified by reference to another recorded instrument or by other means. We hold, therefore, that the jurisdiction of the county court at law in the condemnation suit attached immediately upon the filing of the petition containing the statutory allegations requisite to condemn property. *Compton v. Texas Southeastern Gas Company,* 315 S.W.2d 345 (Tex.Civ. App.—Houston 1958, writ ref'd n.r.e.). Once that jurisdiction attached, the county court at law was the only tribunal with the authority to determine in the first instance any objections raised in connection with the condemnation proceedings. *Texas & N.O. R. Co. v. City of Beaumont,* 285 S.W. 944 (Tex.Civ.App.—Beaumont 1926, writ ref'd).

Accordingly, we hold that the second and third points of error are meritorious, and we, therefore, find that the temporary injunction was improvidently granted, where the district court had not obtained prior and exclusive jurisdiction over the parties and the property, and where Killam Oil Company failed to demonstrate the existence of any exceptional circumstances under *Austin Independent School District v. Sierra Club,* which might permit another court to assume jurisdiction over the proceedings.

We do not find it necessary, therefore, to determine what, if any, authority the district court had to grant temporary relief on the basis of an admittedly defective and improperly verified pleading filed by Killam Oil Company, although we note that Missouri Pacific entered a timely and proper objection to the proceedings on temporary injunction, pursuant to TEX.R.CIV.P. 682. We further note that Killam Oil Company subjected itself to the jurisdiction of the Webb County Court at Law, by appearing and answering the lawsuit filed there against it; by filing (albeit belatedly) special exceptions and other motions challenging the jurisdiction of that court to proceed; and by participating in the selection of special commissioners in the condemnation action.

The writ of mandamus is conditionally granted against Judge Flores and he is ordered to vacate all orders heretofore entered which granted relief to Killam Oil

Company in derogation of the County Court at Law's jurisdiction.[1]

---

1. Our holding here does not in any manner deprive the district court of the earlier jurisdiction it acquired under Cause No. 38,810, as a purported petition to perpetuate testimony of Enrique Trevino, Richard Long, and C.R. Whitemire.