6-96-028-CV Long Trusts v. Dowd 



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00091-CV
______________________________



IN RE:

PAULA COCHRAN AND DWANE ERIC HOTZ




Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Original Mandamus Proceeding





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss



O P I N I O N

Â Â Â Â Â Â Â Â Â Â Â Â In this mandamus action, we must decide whether Paula Cochran and Dwane Eric Hotz are
entitled to current possession of H.H.H., their newborn daughter and Cochran's tenth child, pending
a final hearing on termination of their parental rights to H.H.H. Our decision turns on whether the
proof of prior, for-cause terminations of Cochran's and Hotz's parental rights to their other children,
essentially standing alone, satisfies Section 262.201(b) of the Texas Family Code and thus allows
the State, acting through the Texas Department of Family and Protective Services (the Department),
to withhold current possession of H.H.H. from her parents. See Tex. Fam. Code Ann. Â§ 262.201(b)
(Vernon 2002). Though, from their past record as to their other children, Cochran and Hotz may
pose a risk to H.H.H., we hold that risk is not a sufficient statutory basis, and the proof in this case
does not meet the high statutory requirements, to allow the Department to deny Cochran and Hotz
present possession of H.H.H. We conditionally grant the writ of mandamus.
Historical Perspective
Â Â Â Â Â Â Â Â Â Â Â Â To understand the present situation, we must review Cochran's and Hotz's history with the
Department. In 2002, Cochran's rights to her first eight children were terminated when the trial court
concluded (1) that she had (a) placed or knowingly allowed her children to be placed or remain in
conditions or surroundings which endangered the physical or emotional well-being of the children,
and (b) engaged in conduct, or knowingly placed children with a person or persons who engaged in
conduct, which endangered the physical or emotional well-being of the children, and (2) that
termination was in the children's best interests. See Tex. Fam. Code Ann. Â§ 161.001(1)(D), (E)
(Vernon 2002). With respect to two of the eight children who were the subjects of the 2002
terminations, Hotz was the biological father; his parental rights were also terminated. 
Â Â Â Â Â Â Â Â Â Â Â Â In 2003, Cochran's and Hotz's parental rights to Cochran's ninth child, born after the previous
terminations, were terminated when the trial court found by clear and convincing evidence that,
among other things, the parents "knowingly placed or knowingly allowed the child to remain in
conditions or surroundings which endangered the physical or emotional well-being of the child." 
Â Â Â Â Â Â Â Â Â Â Â Â H.H.H., the child in question here, was born June 6, 2004, at home, her delivery attended by
a midwife. On June 11, acting on a hotline tip, Bob Alexander, a Department caseworker, visited
the family and found H.H.H. in relatively good health, having only a mild skin rash. But, because
of the parents' history, the Department removed H.H.H. from the home that day. On June 14, the
Department filed a petition to terminate the parental rights of Cochran and Hotz. 
Â Â Â Â Â Â Â Â Â Â Â Â On June 23, 2004, as mandated by the Texas Family Code, the trial court held a "14-day
hearing" during which Alexander testified regarding his observations made at the home. He noted
his concern that H.H.H. had not been to the doctor yet, but admitted she appeared to be in generally
good health. There were no signs that H.H.H. had been physically or sexually abused or that she had
been neglected. On direct examination, Alexander conceded that "risk," based on the prior
terminations, had "a large bearing" on the departmental decision to seek termination of Cochran's
and Hotz's parental rights. At the end of this hearing, the trial court expressed its concerns regarding
the gravity of this case and facilitated the bringing of Relators' petition in order to clarify this issue. 
It then entered the temporary order forming the basis of this petition, denying Cochran and Hotz
possession of H.H.H. The trial court also entered the following written findings:



Having examined and reviewed the evidence, including the sworn affidavit
accompanying the petition and based upon the facts contained therein, the Court finds
there is sufficient evidence to satisfy a person of ordinary prudence and caution that:
(1) there was a danger to the physical health or safety of the child which was caused
by an act or failure to act of the person entitled to possession and for the child to
remain in the home is contrary to the welfare of the child; based only on the past
conduct of Paula Cochran and Dwane Eric Hotz as shown by the Judgment in Cause
30,014 in the District Court of Titus County, Texas on March 13, 2003 . . . and the
Judgment in Cause FM 005744 in the 353rd Judicial District Court in Travis County,
Texas and; (2) the factual urgency for protection requiring the immediate removal of
the child is inferred from Exhibits A and B of this order and; (3) that under the
circumstances the Texas Department of Family is not required to attempt
reunification and that there is a substantial risk of continuing danger if the child is
returned home . . . .
Â 
The Court finds with respect to the child . . . that reasonable efforts consistent with
the child's health and safety are not required to be made by the Department to prevent
or eliminate the need for removal of the child from the home and to make it possible
for the child to return home, and that continuation in the home would be contrary to
the welfare of the child. 





Â 
Mandamus Conditionally Lies Because of Lack of Proof of Any Act or Failure to Act by Cochran
or Hotz that Endangered H.H.H.

Â Â Â Â Â Â Â Â Â Â Â Â Mandamus is "an extraordinary remedy, available only in limited circumstances." Walker
v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). A writ of mandamus will issue
"only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is
no other adequate remedy by law." Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex.
1985) (orig. proceeding). The appellate court must determine whether there has been a clear abuse
of discretion that justifies mandamus relief. Id.
Â Â Â Â Â Â Â Â Â Â Â Â Mandamus is available only in the absence of a factual dispute of consequence. Walker, 827
S.W.2d at 839â40. The trial court does not abuse its discretion when its judgment is based on
conflicting evidence and some of this evidence reasonably supports the court's decision. Butnaru
v. Ford Motor Co., 84 S.W.3d 198, 211 (Tex. 2002). If a relator seeks to overrule a court's decision
based on factual issues or matters committed to the trial court's discretion, he or she has the burden
to show that the trial court could have reached only one decision on the facts. Walker, 827 S.W.2d
at 839â40.
Â Â Â Â Â Â Â Â Â Â Â Â We first turn to the governing statute to determine what must be proven to deny a parent
possession of his or her child.


 Section 262.201 of the Texas Family Code provides for a "14-day
hearing" at the end of which the trial court must order the return of a child to its parents, absent
certain findings:
(b) At the conclusion of the full adversary hearing, the court shall order the return of the child to the parent, managing conservator, possessory conservator, guardian, caretaker, or custodian entitled to possession unless the court
finds sufficient evidence to satisfy a person of ordinary prudence and caution
that:
 
(1) there was a danger to the physical health or safety of the
child which was caused by an act or failure to act of the
person entitled to possession and for the child to remain in the
home is contrary to the welfare of the child;
Â 
(2) the urgent need for protection required the immediate removal of
the child and reasonable efforts, consistent with the circumstances
and for the safety of the child, were made to eliminate or prevent the
child's removal; and
Â 
(3) reasonable efforts have been made to enable the child to
return home, but there is a substantial risk of a continuing
danger if the child is returned home.
Tex. Fam. Code Ann. Â§ 262.201(b). We will address those subsections in reverse order.
Â Â Â Â Â Â Â Â Â Â Â Â The trial court is given some discretion over the findings specified by Section 262.201(b)(3):
"The court may waive . . . the requirement to make reasonable efforts to return the child to a parent
. . . if the court finds that the parent has subjected the child to aggravated circumstances." Tex. Fam.
Code Ann. Â§ 262.2015(a) (Vernon 2002). Section 262.2015 goes on to authorize the trial court to
find that a parent has subjected the child to aggravated circumstances if "the parent's parental rights
with regard to another child have been involuntarily terminated based on a finding that the parent's
conduct violated Section 161.001(1)(D) or (E) . . . ." Tex. Fam. Code Ann. Â§ 262.2015(b)(5)
(Vernon 2002). Those conditions were met here. Since both prior terminations were based on
findings that the parents either "knowingly placed or knowingly allowed the child to remain in
conditions or surroundings which endanger the physical or emotional well-being of the child" or
"engaged in conduct or knowingly placed the child with persons who engaged in conduct which
endangers the physical or emotional well-being of the child," both terminations qualify as
"aggravated circumstances." See Tex. Fam. Code Ann. Â§ 262.2015(b); see also Tex. Fam. Code
Ann. Â§ 161.001(1)(D), (E). The trial court was well within its discretion in finding that there was
no need for the Department to make reasonable efforts to return the child. Therefore, we will not
issue a writ of mandamus based on the trial court's finding under Section 262.201(b)(3).
Â Â Â Â Â Â Â Â Â Â Â Â Subsection (2) arguably allows the trial court to exercise its discretion in finding what efforts
were reasonable in any given case by requiring it to find that "reasonable efforts, consistent with the
circumstances and for the safety of the child, were made to eliminate or prevent the child's removal." 
Tex. Fam. Code Ann. Â§ 262.201(b)(2) (emphasis added). The plain language of this provision
allows some flexibility in the trial court's determination of what efforts, if any, were reasonable in
the given circumstances. Therefore, we also decline to issue a writ of mandamus with respect to the
trial court's finding under Section 262.201(b)(2) of the Texas Family Code.
Â Â Â Â Â Â Â Â Â Â Â Â We therefore turn to the trial court's finding that there was a danger to the physical health or
safety of the child caused by an act or failure to act by the parents under Section 262.201(b)(1). The
record before us does not support that finding.
Â Â Â Â Â Â Â Â Â Â Â Â H.H.H. was born June 6, 2004. The two pre-existing orders of termination were entered 
September 6, 2002, and March 13, 2003, respectively. Thus, the conditions, acts, or omissions
forming the bases of those terminations occurred at least fourteen months


 before H.H.H. was born
and, obviously, could not have posed a danger to her. In the absence of any current conditions or
actions that would constitute a danger to H.H.H.'s health or safety, the trial court could not have
reasonably based its findings on the prior terminations alone. We conclude that the trial court could
not have found that the parents' prior terminations were acts or omissions under Section
262.201(b)(1) of the Texas Family Code which posed a danger to H.H.H. when the conduct resulting
in the prior terminations was committed before her conception.
Â Â Â Â Â Â Â Â Â Â Â Â When conducting an abuse of discretion review, we examine the entire record. 
Mercedes-Benz Credit Corp. v. Rhyne, 925 S.W.2d 664, 666 (Tex. 1996); Land v. AT & S Transp.,
Inc., 947 S.W.2d 665, 667 (Tex. App.âAustin 1997, no writ). So, while the trial court's written
order is unclear in that it states that it "examined and reviewed the evidence, including the sworn
affidavit accompanying the petition," but also states that subsequent findings were based only on
evidence of prior terminations, we are to examine all the evidence in the record before us to
determine whether the trial court abused its discretion. Other evidence in the record, like the
evidence of prior terminations, simply does not illustrate that an act or failure on the part of the
parents posed a danger to H.H.H.'s physical health or safety.
Â Â Â Â Â Â Â Â Â Â Â Â In fact, the evidence before us indicates that, aside from a skin rash and a couple of skin
pustules, H.H.H. was in good health. Alexander testified the doctor's visit did not yield any major
health concerns. Additionally, we are not prepared to say that evidence Cochran gave birth at home
with the aid of a midwife constituted an act or failure to act which posed a danger to H.H.H.'s
physical health or safety. While there is arguably some concern that H.H.H. had not been to a doctor
since her birth five days earlier, we know from Alexander's testimony regarding H.H.H.'s health and
the results of her subsequent doctor's visit that this omission had not posed any known danger to
H.H.H. Additionally, Alexander testified that Cochran had indicated that H.H.H. had a doctor's
appointment on the Monday following the Friday on which the Department removed her. 
Â Â Â Â Â Â Â Â Â Â Â Â Relators have shown that, on this evidence, the trial court could have come to only one
reasonable conclusion, that the Department failed to show that an act or failure to act by Cochran or
Hotz posed a danger to the physical health or safety under Section 262.201(b)(1) and that present
possession of H.H.H. should have been returned to her parents as required under Section 262.201(a). 
Accordingly, we conditionally grant Cochran and Hotz's petition for writ of mandamus and direct
Respondent, the Honorable William C. Martin, III, to vacate his Temporary Order Following
Adversary Hearing signed June 23, 2004, and order the return of the present possession of H.H.H.
to her parents. The writ will issue only if Respondent fails to comply within ten days of this order.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â November 29, 2004
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â November 30, 2004




text-justify:inter-ideograph;
mso-pagination:widow-orphan'>
Â 

 THE STATE OF TEXAS, Appellee

Â 

Â 

 


Â 

Â 

 On Appeal from the 217th
Judicial District Court

 Angelina County, Texas

 Trial Court
No. CR-21165-A

Â 

 
 

Â 

Â 

Â 

   Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Chief Justice Morriss








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Curtis
RobertsÂ hopes to obtain DNA testing were dashed even before Roberts asked for
the testing.Â  On May 7, 2010, Roberts
filed in the 217th Judicial District Court in Angelina County[1]
a document titled ÂRequest for Appointment of Legal Counsel Pursuant to Article
64 Code of Criminal Procedure.ÂÂ  In that
motion, Roberts claimed indigence and asked the court to appoint an attorney to
assist Roberts in seeking an order for DNA testing.Â  To be clear, we note that the motion asked
only for appointment of counsel because Roberts Âwishes to submit a motionÂ for
DNA testing.Â  Roberts also attached a
proposed order which, if granted, would have appointed counsel to assist
Roberts in seeking DNA testing.Â  The
motion and documents submitted with it seek to meet none of the requirements of
Chapter 64 of the Texas Code of Criminal Procedure to constitute a request for
DNA testing.

Â Â Â Â Â Â Â Â Â Â Â  The trial
court did not use RobertsÂ proposed order, but signed an order dated June 25,
2010, denying DNA testing.Â  As no request
had been made for DNA testing, the trial court prematurely entered an order on
a presumed request not yet presented to it.[2]

Â Â Â Â Â Â Â Â Â Â Â  A district
court is empowered to hear controversies and render decisions thereon, under
the procedures authorized by statute or by rule.Â  See Tex. Const. art. V, Â§ 8; Tex. GovÂt Code Ann. Â§ 24.007 (Vernon 2004).Â  Although the trial court had jurisdiction
over the proceeding,[3]
the issue on which it ruled had not been placed before it.Â  See Ex
parte Seidel, 39 S.W.3d 221, 224 (Tex. Crim. App. 2001).

Â Â Â Â Â Â Â Â Â Â Â  A courtÂs
ruling on a matter not yet presented to the court is an advisory opinion.Â  ÂTexas courts have no authority to render
advisory opinions.Â Â McAllen Med. Ctr., Inc. v. Cortez, 66 S.W.3d 227, 232 (Tex. 2001); Perez
v. State, 938 S.W.2d 761,
764 (Tex. App.ÂAustin 1997, pet. refÂd).Â 
ÂThis prohibition encompassesÂ the ripeness doctrine,[4]
which Âavoids premature adjudication on a hypothetical set of facts.Â Â Cortez,
66 S.W.3d at 232; see Perez, 938
S.W.2d at 764.Â  ÂA case is not ripe when
its resolution depends on contingent or hypothetical facts, or upon events that
have not yet come to pass.Â Â Patterson v. Planned Parenthood of Houston
& Se. Tex., Inc., 971 S.W.2d 439, 443 (Tex. 1998).

Â Â Â Â Â Â Â Â Â Â Â  In
ruling on a matter that had not yet been placed before it for decision, the
trial court lacked subject-matter jurisdiction to enter the order.[5]Â  Therefore, we return the parties to the
positions they occupied before the trial courtÂs action.Â  We vacate the order of June 25, 2010, and
dismiss the appeal.

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  September
14, 2010

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  September
15, 2010

Â 

Do Not Publish











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.Â  See Tex. GovÂt Code Ann.
Â§ 73.001 (Vernon 2005).Â  We are unaware
of any conflict between precedent of the Twelfth Court of Appeals and that of
this Court on any relevant issue.Â  See Tex.
R. App. P. 41.3.

Â 





[2]The
record also shows there were no hearings and no response filed by the State;
indeed, it shows that nothing whatsoever except the request for appointment of
counsel occurred before this order was signed. 

Â 





[3]See Tex.
Code Crim. Proc. Ann. art. 64.01(a) (Vernon Supp. 2010).

Â 





[4]Ripeness
is an element of subject-matter jurisdiction.Â 
Mayhew v. Town of Sunnyvale,
964 S.W.2d 922, 928 (Tex. 1998). Â As a
general proposition, before a court may address the merits of any case, the
court must have jurisdiction over the party or the property subject to the
suit, jurisdiction over the subject matter, jurisdiction to enter the
particular judgment, and capacity to act as a court.Â  See
Austin Indep. Sch. Dist. v. Sierra Club, 495 S.W.2d 878, 881 (Tex.
1973).Â  Subject-matter jurisdiction
requires that the party bringing the suit have standing, that there be a live
controversy between the parties, and that the case be justiciable.Â  See Tex.
AssÂn of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443Â46 (Tex.
1993).Â  If the district court lacks
jurisdiction, in any of these senses, then its decision would not bind the
parties.Â 
See Austin Indep. Sch. Dist., 495 S.W.2d at 881 (noting collateral
attacks on judgments are allowed when court lacked jurisdiction).Â  And, a decision that does not bind the
parties is, by definition, an advisory opinion prohibited by Texas law.Â  State
Bar of Tex. v. Gomez, 891 S.W.2d 243, 245 (Tex. 1994).Â  At this point, this is not a justiciable
issue.Â  It is nothing more than a
possible future claim, one that courts may not decide.Â  See
DaimlerChrysler Corp. v. Inman, 252 S.W.3d 299 (Tex. 2008).





[5]In
an alternative analysis, this is clearly an action that is unauthorized by law,
and under these circumstances, issuance of this order lies outside the scope of
the authority of the court.Â  In analyzing
the nature of the error as void or voidable, this ruling therefore fits within
the definition of an ÂillegalÂ act, and is thus the type of error that renders
the order void.Â  See Seidel, 39 S.W.3d at 224; Hardy
v. State, 297 S.W.3d 785, 791 (Tex. App.ÂTexarkana 2009, pet. refÂd).Â  Although this analysis of the error differs
from our main analysis, the result is the same.