**Opinion issued March 25, 2025.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00362-CV

————————————

**CANDACE LOUISE CURTIS, Appellant**

**V.**

**CARL HENRY BRUNSTING, INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF THE ESTATES OF ELMER H. BRUNSTING AND NELVA E. BRUNSTING, Appellees**

---

**On Appeal from the Probate Court No 4**
**Harris County, Texas**
**Trial Court Case No. 412,249-401**

---

## MEMORANDUM OPINION

Appellant Candace Louise Curtis filed a notice of appeal on April 26, 2023, attempting to appeal from the trial court's order signed on February 25, 2022 granting summary judgment for Amy Ruth Brunsting and Anita Kay Brunsting, in

their individual capacities and as co-trustees of The Brunsting Family Living Trust a/k/a The Restatement of the Brunsting Family Living Trust. Appellant also attempts to appeal from the trial court's order, signed on February 14, 2019, denying her plea to the jurisdiction and "any other rulings subsumed" within the case.

Generally, appellate courts have jurisdiction to consider only appeals from final judgments. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). In the absence of a trial, a judgment is deemed final when "(1) it actually disposes of every pending claim and party or (2) it clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so." *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (per curiam). Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders if a statute explicitly provides appellate jurisdiction. *CMH Homes*, 340 S.W.3d at 447–48. "When a trial court renders a final judgment, the court's interlocutory orders merge into the judgment and may be challenged by appealing that judgment." *Bonsmara Natural Beef Co., LLC v. Hart of Texas Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020).

Generally, a notice of appeal is due within thirty days of the trial court signing its final judgment.[1] *See* TEX. R. APP. P. 26.1. However, where a party timely files

---

[1] Appeals from interlocutory orders, when authorized by statute, are accelerated appeals. TEX. R. APP. P. 28.1(a). "In an accelerated appeal, the notice of appeal must

certain post-judgment motions, such as a motion for new trial or motion to modify the judgment, the deadline to file a notice of appeal is extended to ninety days after the entry of judgment. *See* TEX. R. APP. P. 26.1(a). Post-judgment motions generally must be filed within thirty days after the judgment or other order complained of is signed. *See* TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal may also be extended by the appellate court if, within fifteen days after the deadline to file the notice of appeal, a party files a notice of appeal and a motion for extension of time to file a notice of appeal that complies with Texas Rule of Appellate Procedure 10.5(b). *See* TEX. R. APP. P. 26.3.

Here, the record before us does not clearly demonstrate that the trial court's orders listed in appellant's notice of appeal are appealable. But even if these orders are appealable, appellant filed her notice of appeal on April 26, 2023, which was more than three years after the trial court rendered its order on February 14, 2019, and more than one year after the trial court entered its order on February 25, 2022. Thus, appellant's direct appeal from these orders is untimely.[2]

---

be filed within 20 days after the judgment or order is signed." TEX. R. APP. P. 26.1(b).

[2]   This Court denied appellant's petition for writ of mandamus, filed on July 11, 2022, concerning these orders. *See In re Curtis*, No. 01-22-00514-CV, 2022 WL 4099833, at *1 (Tex. App.—Houston [1st Dist.] Sept. 8, 2022, orig. proceeding) (mem. op.). Additionally, this Court granted appellant's motion to voluntarily dismiss her appeal, filed on May 18, 2022, from these orders. *See Curtis v. Brunsting*, No. 01-22-00378-CV, 2023 WL 1974867, at *1 (Tex. App.—Houston [1st Dist.] Feb. 14, 2023, no pet.) (per curiam) (mem. op.).

On February 22, 2024, this Court sent appellant a letter questioning the Court's jurisdiction over this appeal because her notice of appeal appeared untimely. We directed appellant to file a response addressing the jurisdictional issue. In her response, appellant acknowledges that her notice of appeal is untimely. However, she claims that the trial court's orders are void for lack of subject matter jurisdiction, and that this Court "always has jurisdiction to determine an order void for lack of subject matter jurisdiction." Therefore, she claims the untimeliness of her notice of appeal does not prevent this Court from reaching the merits of her appeal and considering whether the trial court's orders are void. We disagree.

A judgment rendered by a trial court that lacks jurisdiction over the parties or over the subject matter is void. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012). A judgment may be challenged as void through a direct attack or a collateral attack. *Id.* at 271. "A direct attack—such as an appeal, a motion for new trial, or a bill of review—attempts to correct, amend, modify or vacate a judgment and must be brought within a definite time period after the judgment's rendition." *Id.* "A collateral attack, unlike a direct attack, does not attempt to secure the rendition of a single, correct judgment in the place of the former judgment." *A-1 Am. Transmission & Auto./MCSR, Inc. v. Hale*, No. 01-23-00535-CV, 2024 WL 3762485, at *4 (Tex. App.—Houston [1st Dist.] Aug. 13, 2024, no pet.) (mem. op.) (citing *Austin Indep. Sch. Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex. 1973)).

It, instead, "seeks to avoid the binding effect of a judgment in order to obtain specific relief that the judgment currently impedes." *PNS Stores*, 379 S.W.3d at 272.

"Because a collateral attack does not seek rendition of a new judgment to correct the judgment under attack, but merely seeks to show that the original judgment is void, such an action may be brought in *any* court of general jurisdiction." *Hale*, 2024 WL 3762485, at *4 (citing *Solomon, Lambert, Roth & Assocs., Inc. v. Kidd*, 904 S.W.2d 896, 900 (Tex. App.—Houston [1st Dist.] 1995, no writ) (citing *Austin Indep. Sch. Dist.*, 495 S.W.2d at 881)). "A collateral attack is accomplished through initiating a new case under a different cause number that challenges the effect of the original judgment." *Hale*, 2024 WL 3762485, at *4 (citing *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010) ("A void order is subject to collateral attack in a new lawsuit . . . .")). A party may collaterally attack a void judgment at any time, even after the time within which to file a direct attack has expired. *See PNS Stores*, 379 S.W.3d at 272.

The appeal before us is a direct attack on the trial court's orders as void; thus, appellant was required to file a timely notice of appeal. *See PNS Stores*, 379 S.W.3d at 271 (direct attacks against a judgment, such as direct appeals, must be brought within a definite time period after the judgment's rendition); *Texas Dep't of Public Safety v. Tran*, 672 S.W.3d 806, 813 (Tex. App.—Houston [14th Dist.] 2023, no pet.) ("Texas courts have held that an appellate court in an untimely direct appeal

5

may not adjudicate a party's arguments as to why a judgment or order is void." (collecting cases)); *Tafoya v. Green Tree Servicing LLC*, No. 03-14-00391-CV, 2014 WL 7464321, at \*2 n.2 (Tex. App.—Austin Dec. 30, 2014, no pet.) (mem. op.) (Texas courts "have consistently held that a party cannot attack a void judgment in an untimely direct appeal." (collecting cases)). Because appellant failed to file a timely notice of appeal, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

Amparo "Amy" Guerra
Justice

Panel consists of Justices Guerra, Caughey, and Morgan.

6