**SOLOMON, LAMBERT, ROTH & ASSOCIATES, INC. and Bobby Reed, Appellants,**

v.

**Nash KIDD and Angie Kidd, Appellees.**

No. 01–93–00416–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 3, 1995.

---

Gregory L. Donnell, Angleton, Tom McMichael, Angleton, for appellant.

Tom Watson, Angleton, for appellee.

Before ANDELL, HUTSON–DUNN and DUGGAN *, JJ.

## OPINION

ANDELL, Justice.

Appellants, Solomon, Lambert, Roth & Associates, Inc. (SLR) and Bobby Reed, SLR's president and registered agent, appeal from a summary judgment rendered by the 23rd District Court that denied their petition for a bill of review attacking an underlying default judgment rendered by the 239th District Court. In two points of error, SLR and

---

* Justice Duggan, who retired December 31, 1994, continues to participate by assignment for the disposition of this case, which was submitted prior to that date.

Reed contend that the summary judgment was improperly granted. Appellees, Nash Kidd and Angie Kidd (the Kidds), assert a single cross-point challenging the jurisdiction of the 23rd District Court to hear SLR and Reed's request for a bill of review. Because of our holding on the Kidds' cross-point, we vacate the judgment of the court below and dismiss this cause for want of jurisdiction.

## The Underlying Default Judgment and the Petition for Bill of Review

In the underlying action, the Kidds sued SLR and Reed for fraudulent inducement to contract. SLR and Reed failed to appear and answer, and the 239th District Court court rendered a default judgment in favor of the Kidds in the amount of $73,688.29. SLR and Reed then filed this bill of review action seeking to have the underlying default judgment set aside. The petition for bill of review was not filed in the 239th District Court, however. Reed apparently left a blank line for the court clerk to fill in, and the cause was assigned to the 23rd District Court.

In their first amended petition, SLR and Reed alleged two grounds in support of their request for bill of review relief: (1) SLR and Reed were not served with process in the underlying suit; and (2) the underlying judgment was rendered as a result of fraud or official mistake.

## The Summary Judgment on the Merits

The Kidds answered and filed a motion for summary judgment in the 23rd District Court. The motion addressed the merits of SLR and Reed's petition, but did not challenge the trial court's jurisdiction to hear the bill of review. The 23rd District Court granted the Kidds' motion for summary judgment denying the bill of review. On appeal, SLR and Reed bring two points of error, challenging the validity of the Kidds' motion for summary judgment and the sufficiency of the evidence. We need not address these points of error, however, because the Kidds' sole cross-point challenging the juris-diction of the 23rd District Court to hear the bill of review disposes of the appeal.

## The Jurisdictional Challenge

Ordinarily, a bill of review petitioner is required to plead and prove: (1) that he had a meritorious defense to the underlying action; (2) that he was prevented from making this defense in the underlying action because of the fraud, accident, or wrongful act of the opposite party; and (3) that his failure to present this defense was unmixed with any fault or negligence of his own. *Baker v. Goldsmith*, 582 S.W.2d 404, 406–07 (Tex.1979). The exception to this rule is when the petitioner was never served with notice of the underlying suit. He is then relieved of the requirement of pleading and proving a meritorious defense to the underlying action. *Peralta v. Heights Medical Ctr.*, 485 U.S. 80, 86, 108 S.Ct. 896, 900, 99 L.Ed.2d 75 (1988).

A bill of review, when properly brought, is a direct attack on a judgment. *Fender v. Moss*, 696 S.W.2d 410, 412 (Tex. App.—Dallas 1985, writ ref'd n.r.e.). A direct attack is a proceeding brought to correct the former judgment and to secure rendition of a single, proper judgment. *Austin Indep. Sch. Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex.1973).

> A bill of review or a petition in the nature of a bill of review is a proceeding in equity that has for its purpose the reversal or modification of a prior judgment *of the same trial court*. It is not a means of appeal of a judgment of one trial court to another trial court. Nor is it a mere alternative means to an appeal or a writ of error to bring a case before an appellate court.

*Martin v. Stein*, 649 S.W.2d 342, 346 (Tex. App.—Fort Worth 1983, writ ref'd n.r.e.) (emphasis added).

A court has *no power* to *correct* the judgment of another court of co-equal juris-diction. *Austin Indep. Sch. Dist.*, 495 S.W.2d at 881; *Martin*, 649 S.W.2d at 346.

A judgment may only be corrected by the *court that rendered it,* or *by a higher court* authorized to review the judgment on appeal or by writ of error. *Austin Indep. Sch. Dist.,* 495 S.W.2d at 881. Since a bill of review is a direct attack on a judgment, only the court rendering the original judgment has jurisdiction over the proceeding. *See Fassy v. Kenyon,* 675 S.W.2d 217, 218 (Tex. App.—Houston [1st Dist.] 1984, no writ); *Outlaw v. Noland,* 506 S.W.2d 734, 735 (Tex. Civ.App.—Houston [1st Dist.] 1974, no writ). The requirement that a bill of review be filed in the same court that rendered the judgment under attack is a matter of jurisdiction, not merely a matter of venue. *Martin,* 649 S.W.2d at 346; *McCombs v. Forney,* 607 S.W.2d 591, 592 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ).

 It is, however, permissible to collaterally attack a judgment of a court of general jurisdiction in another court of equal jurisdiction if the underlying judgment is void. *Browning v. Placke,* 698 S.W.2d 362, 363 (Tex.1985); *Syntax, Inc. v. Hall,* 881 S.W.2d 719, 725 (Tex.App.—Houston [1st Dist.] 1994), *rev'd on other grounds,* 899 S.W.2d 189 (Tex.1995). A trial court's judgment is void only if the court had no jurisdiction over the parties or the property, no jurisdiction over the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a court. *Browning,* 698 S.W.2d at 363. All errors other than jurisdictional deficiencies render the judgment merely voidable, and such errors must be corrected on direct attack. *Id.* When the time for a direct attack by appeal or writ of error has elapsed, a bill of review in the court rendering the initial judgment is the exclusive remedy to attack the judgment directly. *Id.*

 A collateral attack, unlike a direct attack, does not attempt to secure the rendition of a single, correct judgment in the place of the former judgment. *Austin Indep. Sch. Dist.,* 495 S.W.2d at 881; *Browning,* 698 S.W.2d at 363. It is, instead, " 'an attempt to avoid the effect of a judgment in a proceeding brought for some other purpose.' " *Employers Casualty Co. v. Block,* 744 S.W.2d 940, 943 (Tex.1988) (quoting *Ranger Ins. Co. v. Rogers,* 530 S.W.2d 162, 167 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.)); *Austin Indep. Sch. Dist.,* 495 S.W.2d at 881. Because a collateral attack does not seek rendition of a new judgment to correct the judgment under attack, but merely seeks to show that the original judgment is void, such an action may be brought in *any* court of general jurisdiction. *Austin Indep. Sch. Dist.,* 495 S.W.2d at 881.

In effect, SLR and Reed have combined, in one instrument, both a direct attack on the underlying default judgment *and* a collateral attack on the jurisdiction of the 239th District Court to render the judgment. The attack fails in both aspects.

### 1) Underlying default rendered as result of fraud or official mistake

 The first basis for SLR and Reed's bill of review was that the underlying default was rendered as a result of fraud or official mistake. Because this is not a jurisdictional deficiency, the error, if any, would render the judgment merely voidable, not void. *Browning,* 698 S.W.2d at 363. Therefore, filing this claim in the 23rd District Court was an impermissible collateral attack on the judgment rendered by the 239th District Court, which the 23rd District Court had no jurisdiction to hear. *Id.; Austin Indep. Sch. Dist.,* 495 S.W.2d at 881. Therefore, the only aspect of SLR and Reed's petition that the 23rd District Court could possibly have considered was the implied claim that the 239th District Court lacked personal jurisdiction for want of service of process. This implied claim constituted a collateral attack, albeit one that could not succeed.

### 2) No service of process on underlying suit

SLR and Reed also claimed that they were never served with process in the underlying suit in which the 239th District Court rendered a default judgment against them, and hence the court never acquired personal jur-

isdiction over them. If this were actually the case, then the default judgment rendered by the 239th District Court would be void, and it would be permissible for SLR and Reed to challenge that default judgment by a *collateral* attack brought in the 23rd District Court.[1] *See Browning,* 698 S.W.2d at 363; *Austin Indep. Sch. Dist.,* 495 S.W.2d at 881.

 It is well established that a recital in a judgment that recites the court's jurisdiction imports absolute verity to that judgment and can only be attacked directly. *Akers v. Simpson,* 445 S.W.2d 957, 959 (Tex. 1969). Although the default judgment here did not recite the court's jurisdiction over SLR and Reed, a presumption of jurisdiction nonetheless applies. "[W]hen the recitations of the judgment on a particular subject are insufficient affirmatively to show jurisdiction, *so long as they do not show affirmatively a lack of jurisdiction,* the usual presumption in favor of the judgment prevails." *Huffstutlar v. Koons,* 789 S.W.2d 707, 710 (Tex.App.— Dallas 1990, no writ).

 The authority of the 23rd District Court to inquire into the jurisdiction of the 239th District Court to render the default judgment is limited to *examining the face of the default judgment. Huffstutlar,* 789 S.W.2d at 710. If the default judgment from the 239th District Court *affirmatively showed lack of jurisdiction on its face,* then SLR and Reed could bring this attack in the 23rd District Court, as they have done. In such a case, the 23rd District Court could have declared the former judgment void. Where, however, as here, the default judgment from the 239th District Court does not affirmatively show lack of jurisdiction on its face, but merely fails to affirmatively recite jurisdiction, then a jurisdictional presumption in favor of the judgment applies and the claim must be brought in a bill of review filed in the original court. *See id.*

**Conclusion**

Because the default judgment under attack does not affirmatively show a lack of jurisdiction, SLR and Reed's claim of no notice fails as a collateral attack. And because SLR and Reed filed their petition for bill of review in a court that had no jurisdiction to consider it, it fails as a direct attack. The 23rd District Court did not dismiss the petition for want of jurisdiction, but granted the relief sought in the motion for summary judgment, i.e., a denial of the bill of review on the merits.

 A matter of first consideration by any court is the determination of its own jurisdiction. *Brammer v. Martinaire, Inc.,* 838 S.W.2d 844, 846 (Tex.App.—Amarillo 1992, no writ). If a court has no power to determine a controversy on its merits, it has no subject matter jurisdiction. *Protestants v. American Pubs, Inc.* 787 S.W.2d 111, 113 (Tex.App.—Houston [1st Dist.] 1990, writ denied). If at any time during the progress of the suit, it becomes apparent that the court has no authority under the law to adjudicate the issues presented, it becomes the duty of the court to dismiss the suit without passing upon any other legal or factual issues. *Id.* Although the Kidds' motion for summary judgment did not challenge the jurisdiction of the 23rd District Court to hear the bill of review, a challenge to subject matter jurisdiction may be raised on appeal even if it was not brought in the trial court. *Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993).

 The 23rd District Court had no power to consider SLR and Reed's bill of review. It could only dismiss for want of jurisdiction. *Protestants,* 787 S.W.2d at 113. Judicial action without jurisdiction is void. *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063, 1071 (1926); *Hjalmarson v. Langley,* 840 S.W.2d 153, 155 (Tex.App.—Waco 1992, orig. proceeding). Therefore, the 23rd District Court's act

1. If such were the case, then the fact that the proceeding below was designated a petition for bill of review would be irrelevant under the misnomer of pleadings rule. Tex.R.Civ.P. 71.

granting the Kidds' summary judgment is void and must be vacated.[2]

We sustain the Kidds' cross-point of error. We vacate the judgment of the court below and dismiss this cause for want of jurisdiction.

**2.** The record contains no indication that either party asked the 23rd District Court to transfer the petition for bill of review to the 239th District Court. In *Texas Employer's Ass'n v. Cashion*, 130 S.W.2d 1112, 1113 (Tex.Civ.App.—Dallas 1939, writ ref'd), a bill of review that had been filed in the wrong district court because of a mistake by the clerk was transferred to the district court that had jurisdiction. Likewise, this cause could have been transferred to the 239th District Court, which had jurisdiction, but it was not. We know of no authority that would require the district court to transfer on its own motion, and we do not impose such a duty here. The 23rd District Court was obligated to dismiss on its own motion for lack of jurisdiction, but it did not have to transfer unless it had been asked to do so.