Opinion issued July 11, 2002








 





In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00234-CV






DENNIS W. RICHARDS, Appellant


V.


THE COMMISSION FOR LAWYER DISCIPLINE, Appellee






On Appeal from the 165th District Court

Harris County, Texas

Trial Court Cause No. 2000-15663






O P I N I O N


 Appellant, Dennis W. Richards, filed a bill of review seeking to set aside a
prior disciplinary judgment. The trial court granted the motion for summary
judgment filed by appellee, the Commission for Lawyer Discipline (the Commission). 
Richards appeals, asserting that the trial court did not have subject matter jurisdiction
over the cause. Alternately, he contends the trial court erred when it denied his
motion for a continuance. We vacate the judgment and dismiss the cause for want of
jurisdiction.

Background 

 On February 6, 1996, the Commission obtained a disciplinary judgment against
Richards in an action tried before the Honorable Mark Tolle presiding over the 280th
District Court in Harris County. On March 28, 2000, Richards filed a petition for bill
of review seeking to set aside the prior judgment. (1) Richards styled his petition to
reflect the original cause number (95-029195) from the 280th District Court, but the
district clerk filed the case with a new cause number (2000-15663) in the 165th
District Court. Richards then filed an amended petition for bill of review reflecting
the new cause number and the assignment to 165th District Court. Treating the bill
of review as though it was an original disciplinary petition, the supreme court
appointed an active district judge from outside the administrative judicial region, the
Honorable Joseph P. Kelly, to preside over the case. See Tex. R. Disc. P. 3.02,
reprinted in Tex. Gov't Code Ann., tit. 2 subtit. G app. A-1 (Vernon 1998). The
Commission eventually moved for summary judgment, and the motion was granted
by the court.

Jurisdiction of the Court

 The jurisdictional dispute can be summarized in this manner--both parties
agree that the only court with jurisdiction to hear this bill of review action is the
280th District Court, but they disagree on whether the matter was actually brought
before that court. In other words, the parties cannot agree what court granted the
summary judgment. 

 A bill of review is an independent action brought to set aside a judgment that
is no longer appealable or subject to challenge by a motion for new trial. Wembley
Inv. Co. v. Herrera, 11 S.W.3d 924, 926-27 (Tex. 1999). A bill of review is a direct
attack on a judgment. Solomon, Lambert, Roth & Assoc., Inc. v. Kidd, 904 S.W.2d
896, 899 (Tex. App.--Houston [1st Dist.] 1995, no writ). Because a bill of review
is a direct attack on a judgment, only the court rendering the original judgment has
jurisdiction over the proceeding. Id. at 900. The requirement that a bill of review be
filed in the same court that rendered the judgment under attack is a matter of
jurisdiction, not merely a matter of venue. Id. Thus, the 280th District Court, where
the original disciplinary cause was decided, was the only court with subject matter
jurisdiction over the bill of review action. On this, both parties agree.

 Neither party contested the jurisdiction of the trial court below, but a challenge
to the subject matter jurisdiction may be raised on appeal even if it was not raised in
the trial court. Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 445
(Tex. 1993); Kidd, 904 S.W.2d at 901. Therefore, we must address Richard's claim
that, because the final judgment states that it was issued by the 165th District Court,
the trial court did not have subject matter jurisdiction over the matter. If a court other
than the 280th District Court rendered this judgment, it was without subject matter
jurisdiction to do so, and we must vacate the judgment and dismiss the cause for want
of jurisdiction. See Kidd, 904, S.W.2d at 901-902.

 The final judgment at issue, signed on December 28, 2000, states, on its face,
that it is the product of the 165th District Court. All of the pleadings filed by both
parties after the filing of Richard's amended petition were styled for the 165th
District Court. (2) Further, the supreme court's order, dated August 9, 2000, appointing
Judge Kelly to preside over the matter refers to the 165th District Court. Finally, the
clerk's record and reporter's record before us on appeal indicate that they have come
from the 165th District Court.

 However, the Commission argues that the cause was actually heard before the
280th District Court. As support for this theory, the Commission points to an April 
20, 2001, computer printout from the "Justice Information Management System" that
is included in the clerk's record and is identified in its index as a "Court Activity
Inquiry Screen." This printout appears to indicate that on April 3, 2000, the case was
transferred to the 280th District Court and that all subsequent actions, including the
final judgment, were made in the 280th District Court. The Commission also points
to the handwritten 280 on a November 23, 2000 filing by Richards as proof that the
cause was actually heard in the 280th District Court. 

 The Commission argues that we should infer that the trial court found it had
jurisdiction, and affirm the judgment because there was some evidence to support this
finding. We acknowledge that the San Antonio Court of Appeals adopted this logic
under similar circumstances in In re Nat'l Unity Ins. Co., 963 S.W.2d 876, 878 (Tex.
App.--San Antonio 1998, no pet.). However, we disagree with the approach taken
in that case. 

 It is true that, in the absence of findings of fact and conclusions of law, it is
implied that the trial court made all necessary findings to support its judgment. Holt
Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 83-84 (Tex. 1992); Lemons v. EMW
Mfg. Co., 747 S.W.2d 372, 373 (Tex. 1988) (per curiam). However, an appeals court
does not apply the same level of deference to a court's implicit finding on jurisdiction
as it does to findings of fact. This is because whether a trial court has subject matter
jurisdiction is a legal question reviewed under the de novo standard. City of Houston
v. Northwood Mun. Util. Dist. No. 1, 73 S.W.2d 304, 308 (Tex. App.--Houston [1st
Dist.] 2001, pet. filed); TRST Corpus, Inc. v. Fin. Ctr., Inc., 9 S.W.3d 316, 320 (Tex.
App.--Houston [14th Dist.] 1999, pet. denied); Reynosa v. Univ. of Texas Health Sci.
Ctr. at San Antonio, 57 S.W.3d 442, 444 (Tex. App.--San Antonio 2001, pet.
denied); see Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).

 As we review the question of subject matter jurisdiction in this case, our
decision turns on whether Judge Kelly was sitting in the 165th District Court or the 
280th District Court. The record clearly reflects that the final judgment came from
the 165th District Court. The record contains neither a motion requesting a transfer
nor an order transferring the case to the 280th District Court, and nothing suggests
that the 165 on the judgment was a typographical error. While the "Court Activity
Inquiry Screen" may demonstrate that there was some confusion present in the court
clerk's office, this printout, from what we presume to be the court's administrative
computer program, will not trump the clear declaration on the face of the final
judgment that it came from the 165th District Court. As stated above, the 165th
District Court was without subject matter jurisdiction to hear the bill of review.

 We vacate the judgment and dismiss the cause for want of jurisdiction.



 Frank C. Price

 Justice


Panel consists of Justices Nuchia, Radack, and Price. (3) 

Publish. Tex. R. App. P. 47.
1. The bill of review alleged fraud. Richards asserted the chief witness
against him had lied while testifying in the prior action. His petition
was accompanied by what purported to be a signed statement from the
witness recanting her testimony.
2. We do note, however, that Richard's "Response to Defendant's Motion
for Summary Judgment and Plaintiff's Motion for Continuance" filed on
November 23, 2000, has 165 manually crossed out and replaced by an
unknown hand with 280.
3. The Honorable Frank C. Price, former Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.