Opinion issued March 13, 2003











In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00687-CV




IN THE MATTER OF V.M.I., A CHILD




On Appeal from the 246th District Court
Harris County, Texas
Trial Court Cause No. 94-001271




MEMORANDUM OPINION
 
          Appellant, Odelia Shirley Price, appeals from a judgment (1) declaring void
and setting aside a 1994 decree (“the 1994 decree”), under which she had been made
sole managing conservator of her great-granddaughter, V.M.I., in a suit affecting the
parent-child relationship (“SAPCR”);


 (2) dismissing the cause; and (3) remanding
V.M.I. to the custody of appellee, Inacia Ibarra Yarbrough, the child’s mother and
Price’s granddaughter.


 The 1994 decree was set aside on the motion of Yarbrough,
who had been a minor at the time of the child’s birth, but who had reached the age of
majority by the time that she filed the motion. Because we interpret Yarbrough’s
attack to be collateral, we determine whether she is bound by the jurisdictional
recitations in the 1994 decree and whether that decree was void. We reverse the
judgment and remand the cause.
Background

          Yarbrough was raised by her grandmother, Price. In 1992, at age 14,
Yarbrough gave birth to V.M.I. Yarbrough and V.M.I. remained in Price’s care. In
January 1994, Price filed a SAPCR, seeking a declaration of paternity for V.M.I.’s
purported father, Patrick Laxson; an award of child-support; and managing
conservatorship of V.M.I. The resulting decree declared Laxson to be V.M.I.’s
father, gave him possessory conservatorship of V.M.I., gave Price sole managing
conservatorship of V.M.I., and ordered that Laxson pay child support to Price. In
1999, Yarbrough married, and she moved out of Price’s home sometime after that.
 
          In November 2000, the Texas Department of Protective and Regulatory
Services (“TDPRS”) became the temporary managing conservator of V.M.I. on an
emergency basis through proceedings in another court. See Tex. Fam. Code Ann.
§§ 262.001, 262.102 (Vernon 2002). Yarbrough’s pleadings below state that TDPRS
then placed V.M.I. temporarily with Yarbrough. Sometime in 2001, TDPRS filed a
motion in this SAPCR to modify conservatorship of and support for V.M.I. See Tex.
Fam. Code Ann. §§ 156.002(b), 156.101, 156.401 (Vernon 2002) (providing for
modification of SAPCR decree concerning custody, possession, and support upon
showing of materially and substantially changed circumstances). In October 2001,
Yarbrough filed a “motion to set aside void order and, alternatively, cross-petition to
modify conservatorship,” seeking to have the 1994 decree declared void and set aside
or, alternatively, to modify the 1994 decree based on changed circumstances. Price
filed a cross-petition against Yarbrough, seeking to recover for the cost of V.M.I.’s
necessaries. See Tex. Fam. Code Ann. §151.001(c) (Vernon 2002) (“A parent who
fails to discharge the duty of support is liable to a person who provides necessaries
to those to whom support is owed.”).
          In January 2002, after a brief, non-evidentiary hearing, the trial court entered
an order declaring the 1994 decree void, setting the 1994 decree aside, dismissing
“this case and all proceedings herein,” and remanding V.M.I. to Yarbrough’s custody
(“the 2002 judgment”). Although the 2002 judgment did not state the grounds for the
trial court’s ruling, it did recite that Yarbrough’s motion to set aside was well taken
and should be granted.
Yarbrough’s Attack of the 1994 Decree
          In issues one and two, Price claims that the trial court erred in declaring the
1994 decree void and setting it aside. In issue three, Price claims that Yarbrough’s
motion to set aside was barred by the four-year statute of limitations applicable to
paternity determinations. See Tex. Fam. Code Ann. § 160.609(b) (Vernon 2002).
A.      The Nature of Yarbrough’s Attack on the 1994 Decree
          Yarbrough’s motion to set aside the 1994 decree asserted that the decree was
void because (1) Yarbrough was not served with citation and (2) Yarbrough, who was
a minor during the 1994 proceedings, was not appointed a guardian or attorney ad
litem to represent her in those proceedings. Yarbrough claimed that the lack of
service on her, combined with the absence of representation for her, made the 1994
decree void. 
          1.       What Makes a Judgment Void
          A judgment is void only when it is apparent that the court rendering it had no
jurisdiction of the person of a party or his property, no jurisdiction of the subject
matter, no jurisdiction to enter the particular judgment, or no capacity to act as a
court. Mapco, Inc. v. Forrest, 795 S.W.2d 700, 703 (Tex. 1990); Austin Indep. Sch.
Dist. v. Sierra Club, 495 S.W.2d 878, 881 (Tex. 1973). 
          2.       What Distinguishes a Direct Attack from a Collateral Attack
          We must determine whether Yarbrough’s “motion to set aside void order” was
a direct or a collateral attack because this determination affects how we review the
trial court’s ruling on the 1994 decree.
          A direct attack is a proceeding instituted to correct an earlier judgment and to
secure the entry of a single, proper judgment. Austin Indep. Sch. Dist., 495 S.W.2d
at 881; Solomon, Lambert, Roth & Assocs., Inc. v. Kidd, 904 S.W.2d 896, 899 (Tex.
App.—Houston [1st Dist.] 1995, no writ). A direct attack is not restricted to
challenges to the validity of a judgment and may be used to challenge the judgment
on “the basis of any error that probably caused the rendition of an improper
judgment.” Austin Indep. Sch. Dist., 495 S.W.2d at 881. A direct attack may be
brought in the court that rendered the earlier judgment or in a court with appellate
jurisdiction over the court that rendered the judgment. Id. Examples of direct attacks
include appeals, motions for new trial, motions to vacate, modify, and reform, and
equitable bills of review. In a direct attack, the challenger alleging that he was not
served with citation is not limited to the face of the record or bound by jurisdictional
recitations in the challenged judgment. Min v. Avila, 991 S.W.2d 495, 499-500 (Tex.
App.—Houston [1st Dist.] 1999, no pet.).
          A collateral attack does not attempt to secure the rendition of a single, correct
judgment in place of an earlier one. Solomon, Lambert, Roth & Assocs., 904 S.W.2d
at 900. Rather, a collateral attack is an attempt to avoid a prior judgment’s effect in
a proceeding brought for some other purpose. Id. A collateral attack may be brought
in any court of general jurisdiction. Id. With certain exceptions inapplicable here,
to prevail on a collateral attack, the challenger must show that the judgment is void,
not merely voidable, and must do so from the face of the record, not by extrinsic
evidence. See Simms Oil Co. v. Butcher, 55 S.W.2d 192, 194 (Tex. Civ.
App.—Dallas 1932, writ dism’d). Jurisdictional recitations in a judgment that is
regular on its face import absolute verity and can be attacked only directly, not
collaterally. Akers v. Simpson, 445 S.W.2d 957, 959 (Tex. 1969); Solomon, Lambert,
Roth & Assocs., 904 S.W.2d at 901. Similarly, when the judgment contains no
recitations about jurisdiction over a party, a presumption of jurisdiction nonetheless
applies. Solomon, Lambert, Roth & Assocs., 904 S.W.2d at 901; see Stewart v.
U.S.A. Custom Paint & Body Shop, Inc., 870 S.W.2d 18, 20 (Tex. 1994). “‘[W]hen
the recitations of the judgment on a particular subject are insufficient affirmatively
to show jurisdiction, so long as they do not show affirmatively a lack of jurisdiction,
the usual presumption in favor of the judgment prevails.’” Solomon, Lambert, Roth
& Assocs., 904 S.W.2d at 901 (emphasis in original; quoting Huffstutlar v. Koons,
789 S.W.2d 707, 710 (Tex. App.—Dallas 1990, no writ)).
          3.       Whether Yarbrough’s Attack Was Direct or Collateral
          Yarbrough does not state whether the challenge in her “motion to set aside”
was direct or collateral, and her motion had aspects of both kinds of attack. 
Yarbrough’s challenge resembled a direct attack because it was asserted by a motion
filed in the same court and under the same cause number; involved all of the same
parties as appeared in the 1994 petition; and sought to vacate the 1994 decree,
apparently as a prelude to instituting a new SAPCR and obtaining a new decree. On
the other hand, her motion resembled a collateral attack because she argued that the
1994 decree was void, not simply erroneous. Moreover, she supported her challenge
by relying on the face of the record, not on extrinsic evidence, as she could have done
in a direct attack, and everyone appears to have treated the motion as a collateral
attack below.
          The jurisdictional timelines had passed for all direct attacks except for a bill of
review. See Tex. R. Civ. P. 306a(4) & 329b(a), (d), (g); Tex. R. App. P. 26.1 & 30. 
Therefore, the trial court had no jurisdiction to consider a true “motion to set aside.”
          The only direct attack that the trial court still had jurisdiction to consider was
a bill of review. See Tex. R. Civ. P. 329b(f); see also Middleton v. Murff, 689 S.W.2d
212, 213 (Tex. 1985); Deen v. Kirk, 508 S.W.2d 70, 71-72 (Tex. 1974); McEwen v.
Harrison, 345 S.W.2d 706, 710 (Tex. 1961); Solomon, Lambert, Roth & Assocs., 904
S.W.2d at 899. But Yarbrough’s motion did not resemble a bill of review, and no one
below appears to have construed it that way. The motion was filed long after the
four-year statute of limitations for a bill of review had expired, even accounting for
Yarbrough’s minority through 1995. Most importantly, Yarbrough did not present
evidence in support of her motion’s allegations, as the petitioner on a bill of review
has the burden to do. See Caldwell v. Barnes, 975 S.W.2d 535, 537, 538 (Tex. 1998)
(holding that limitations for bill of review is four years and also acknowledging that
petitioner “must ordinarily plead and prove” the bill’s elements) (emphasis added). 
Instead, as can readily be seen from her appellate briefing, Yarbrough relied on the
face of the record to support her challenge. We thus conclude that Yarbrough treated
this motion, although brought in the form of a direct attack, to be in substance a
collateral attack. On appeal, although Price indicates the motion could have been a
bill of review or a collateral attack, Price treats it as a collateral attack. Accordingly,
we review Yarbrough’s motion and the 2002 judgment under the standards applicable
to collateral attacks.

B.      The Validity of the 1994 Decree
          1.       The Record
          The only materials in our record from the 1994 SAPCR proceedings are Price’s
petition, Laxson’s answer, and the 1994 decree itself.
          Price’s 1994 petition recited that the SAPCR was “brought by Odelia Shirley
Price” and also claimed that she was “the next friend of the mother of the child . . .,
[who] is under the age of 18.” The petition listed Yarbrough as one of the people
entitled to citation, but then stated, “No service is necessary at this time.” Price’s
petition prayed that “citation and notice issue as required by law . . . .” No returns of
service appear in the record from the 1994 proceedings.
          The 1994 decree recited that Price and Laxson appeared for trial; that Price had
standing to sue under former Family Code section 11.03(8);


 that Price was “the next
friend of the child’s mother, [Yarbrough], who is under the age of 18 years”; and that
“[a]ll persons entitled to citation were properly cited.” The decree does not mention 
a guardian or attorney ad litem.
          2.       Service of Citation
          Yarbrough’s motion to set aside the 1994 decree first asserted that that decree
was void because she had not actually been served with citation. A judgment can be
void if the trial court had no jurisdiction over a necessary party. See Simms Oil Co.,
55 S.W.2d at 194. A trial court will lack jurisdiction over a party who is not served
by citation or who does not waive service or appear in the cause. See Berry v. City
of Fort Worth, 124 S.W.2d 842, 846 (Tex. 1939).
          At the time of the 1994 proceedings, the Family Code required service of
citation in an original SAPCR on each parent whose parental rights had not been
terminated or who had not waived service of process. See Act of May 6, 1993, 73rd
Leg., R.S., ch. 167, § 1, 1993 Tex. Gen. Laws 320, 320 (eff. Aug. 30, 1993), amended
by Act of Apr. 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 126
(eff. Apr. 20, 1995) (current version at Tex. Fam. Code Ann. § 102.009(a)(7)
(Vernon 2002)). Yarbrough was in this class of persons. Moreover, her minority
prevented her or anyone representing her, including a next friend, from waiving
service of citation. See Wright v. Jones, 52 S.W.2d 247, 250-51 (Tex. Comm’n App.
1932, holding approved); see also Sprague v. Haines, 4 S.W. 371, 373 (Tex. 1887)
(dicta).
          The 1994 decree recites that citation was properly served on every party who
was entitled to it, which would have included Yarbrough. Because this is a collateral
attack, this recital imports absolute verity. See Solomon, Lambert, Roth & Assocs.,
904 S.W.2d at 901. Accordingly, the 1994 decree is not void for lack of service of
citation on a necessary party.
          3.       Representation of Yarbrough
          Yarbrough’s motion to set aside the 1994 decree also asserted that the decree
was void because Yarbrough, who was a minor during the 1994 proceedings, was not
appointed a guardian or attorney ad litem to represent her. Price responds that she
acted as Yarbrough’s next friend in the 1994 proceedings and, thus, that Yarbrough
was represented in those proceedings, albeit not by an ad litem.
          Minors who, like Yarbrough, have no legal guardian may generally sue and be
represented by a next friend. Tex. R. Civ. P. 44. The next friend “may with the
approval of the court compromise suits and agree to judgments, and such judgments,
agreements, and compromises, when approved by the court, shall be forever binding
and conclusive upon the party in such suit.” Id. For this reason, “[i]n a suit by a
‘next friend,’ the real party plaintiff is the child and not the next friend.” Gracia v.
RC Cola-7-Up Bottling Co., 667 S.W.2d 517, 519 (Tex. 1984).
          The 1994 decree recited that “[t]he court finds . . . that [Price] is the next friend
of the child’s mother, [Yarbrough], who is under the age of 18 years . . . .” (Emphasis
added.) This recitation binds Yarbrough. See Akers, 445 S.W.2d at 959; Solomon,
Lambert, Roth & Assocs., 904 S.W.2d at 901. Because this is a collateral attack, we
cannot consider the face of the record to contradict this recitation; however, even if
we could look to the face of the record for this purpose, we note that the record does
not undermine the recitation as a matter of law. Accordingly, Yarbrough may not
successfully challenge the recital that Price was Yarbrough’s next friend.
          The 1994 decree was not void for any reason relating to Yarbrough’s
representation in the 1994 proceedings.
Conclusion
          Under the Family Code, the trial court retained continuing, exclusive
jurisdiction to modify custody or support on a showing of materially and substantially
changed circumstances. See Tex. Fam. Code Ann. §§ 155.001(a), 155.002,
155.003(a), 156.001, 156.401(a) (Vernon 2002). Yarbrough could have pursued the
part of her motion that sought to modify the 1994 decree, but she instead pursued the
portion of her motion raising a collateral attack. That collateral attack must fail.
          We sustain issues one and two. Accordingly, we need not reach issue three.

          We reverse the 2002 judgment and remand the cause for further proceedings
consistent with this opinion.




 
Tim Taft
Justice


Panel consists of Justices Taft, Keyes, and Higley.