Opinion issued May 31, 2007








 






In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00973-CV






THE OFFICE OF THE ATTORNEY GENERAL OF TEXAS, Appellant


V.


JOE V. PHILLIPS, Appellee






On Appeal from the 311th District Court

Harris County, Texas

Trial Court Cause No. 1986-19170






MEMORANDUM OPINION

 

 This appeal arises out of a dispute over Joe V. Phillips's ("Phillips's")
obligation to pay child support in the state of Texas. Pursuant to a motion filed by
Phillips, the trial court declared void both a default divorce decree, ordering Phillips
to pay child support, and an order denying a stay of income withholding. The trial
court then found that Phillips owed $0 in child support arrearages and ordered the
Office of the Attorney General of Texas ("the Attorney General") to return the money
levied from Phillips's bank account. In three issues, the Attorney General contends
that the trial court erred in (1) granting Phillips's motion to declare judgments void,
(2) confirming Phillips's child support arrearages at $0, and (3) ordering the Attorney
General to return money levied from Phillips's bank account. We reverse and
remand. 

Background

 In 1970, Joe and Mary Ann Phillips ("Mary Ann") were married in Houston,
Texas. The couple later relocated to California, where a child, Aundre, was born to
their marriage. Mary Ann returned to Texas, along with Aundre, when the couple
stopped living together as husband and wife in 1977. A second child, Jamail, was
allegedly born to Phillips and Mary Ann five years later. Phillips remained in
California.

 In 1982, a California court entered an order adjudging Phillips to be the father
of Aundre and requiring him to pay $125 per month in child support. Jamail was
expressly excluded from the order because Phillips disputed his paternity. Pursuant
to the California order, Phillips paid child support until Aundre moved in with him
eight years after the order was issued. 

 Mary Ann filed for divorce in Harris County, Texas in 1986. In her petition,
Mary Ann alleged that her marriage to Phillips had become insupportable. She also
alleged that both Aundre and Jamail were children of the marriage. Furthermore,
while the petition acknowledged that Phillips was a resident of California, no facts
supporting the Harris County court's exercise of personal jurisdiction over Phillips
were alleged. When Phillips failed to appear for the hearing on the petition, the trial
court entered a default divorce decree ("the 1986 decree"). The 1986 decree recited
that "the Court having considered the pleadings, the evidence, the testimony and
argument of counsel and being fully advised herein finds that it has jurisdiction over
the parties and of the subject matter of this suit and finds that a divorce should be
granted to [Mary Ann] . . . ." The 1986 decree adjudged Phillips to be the father of
both children and ordered him to pay $500 per month in child support.

 Phillips testified that he never received notice of either the divorce action or
the 1986 decree. The return of citation states that Phillips was personally served in
California. According to Phillips, however, it was not until the Attorney General
requested that a writ of income withholding be sent to his California employer in
1991, that he became aware of the 1986 decree's child support order. Using a form
motion sent along with the writ of income withholding, Phillips moved to stay
delivery of the writ on grounds that the amount of arrearages alleged was incorrect
and that he was not behind in paying child support because he had complied with the
earlier California order, requiring him to pay $125 per month for Aundre. In
November of 1991, when he appeared for a hearing on his motion to stay deliver of
the writ, Phillips alleged that he was advised that the hearing would be reset. He
testified that he was never notified of a later hearing date. The trial court issued a
default order in July of 1992 denying his motion to stay ("the 1992 order") and
finding a child support arrearage in the amount of $24,671.50. The 1992 order also
required that an additional $240 per month be withheld from Phillips's paycheck in
order to satisfy the arrearage. 

 Thirteen years later, the Attorney General sent a notice of levy to Phillips's
bank. Funds in the amount of $12,555.38 were levied from his account. In response
to the levy, Phillips filed a motion to confirm the amount of his child support
arrearage. The Attorney General filed an answer and countermotion to confirm the
arrearage. 

 Before the trial court ruled on these motions, however, Phillips filed an
additional motion to declare judgments void, arguing that both the 1986 decree and 
the 1992 order were void. In his motion, Phillips asserted that the 1986 decree was
void because it failed to allege jurisdictional facts and because he had never been
served with the petition or received notice of the 1986 decree. He asserted that the
1992 order was void because he had never received notice of either the hearing on the
motion or the 1992 order itself. After a hearing on the motion to declare judgments
void, the trial court ruled in Phillips's favor and declared both the 1986 decree and
the 1992 order void. In addition, the trial court found that Phillips owed $0 in child
support arrearages and ordered the Attorney General to return the funds levied from
Phillips's bank account. 

 At the request of the Attorney General, the trial court issued findings of fact
and conclusions of law. In a single finding of fact, the trial court found that "Joe V.
Phillips owes $0 in child support arrears." In addition, the trial court issued the
following conclusions of law: 

1. Joe V. Phillips's Motion to Declare Judgments Void was pled and
tried as a collateral attack on the provisions of the 1986 divorce
decree relating to paternity and child support and on the 1993
[sic] Order on Motion to Stay.


2. Joe V. Phillips's claims that he was not served with process in the
divorce action, that he did not receive notice of the divorce
decree, the hearing on his motion to stay, or of the Order on the
Motion to Stay, and that the court had no authority to enter a
default judgment against him on his motion to stay cannot be
brought in a collateral attack, but could only be brought in a bill
of review. 


3. If the record shows that the defendant is not a Texas resident and
long-arm jurisdiction has not been pled, the subject-matter
jurisdiction of a Texas court has not been invoked and the court
lacks subject-matter jurisdiction to establish the defendant's
paternity of a child or order him to pay child support.


4. The provisions of the 1986 divorce decree relating to paternity
and child support are void because Mary Ann Phillips's divorce
petition did not plead facts sufficient to establish long-arm
jurisdiction over Joe V. Phillips, whom she alleged to reside
outside Texas.

 

5. The 1993 [sic] Order on Motion to Stay is void because it is based
on the provisions of the 1986 divorce decree finding paternity and
ordering child support, which are void.


6. Because the 1993 [sic] Order on Motion to Stay and the
provisions of the divorce decree ordering support are void, Joe V.
Phillips owes $0 in child support arrears as a matter of law.

 

7. Because Joe V. Phillips owes $0 in child support arrears, the
Office of the Attorney General was not entitled to levy his Wells
Fargo account.


8. Because the Office of the Attorney General was not entitled to
levy Joe V. Phillips's Wells Fargo account, Joe V. Phillips is
entitled to an order requiring the Office of the Attorney General
to return to him the money it had levied. 

Motion to Declare Judgments Void

 

 In its first issue, the Attorney General argues that the trial court improperly
granted Phillips's motion to declare the 1986 decree and 1992 order void. 
Specifically, the Attorney General argues that the motion was improperly granted
because (1) Phillips could not collaterally attack a lack of notice in his motion to
declare the judgments void and, (2) by generally appearing, Phillips consented to the
trial court's exercise of personal jurisdiction. We agree. 

Notice

 In his motion, Phillips argued that both the 1986 decree and the 1992 order
were void on the grounds that he never received notice of the divorce action, the 1986
decree, the hearing on his motion to stay, or the 1992 order denying his motion to
stay. A judgment that is void may be collaterally attacked. See Solomon, Lambert,
Roth & Assocs., Inc. v. Kidd, 904 S.W.2d 896, 900 (Tex. App.--Houston [1st Dist.]
1995, no writ) ("[A] collateral attack does not seek rendition of a new judgment to
correct the judgment under attack, but merely seeks to show that the original
judgment is void . . . ."). A judgment is void only if the court had no jurisdiction over
the parties or property, no jurisdiction over the subject matter, no jurisdiction to enter
the particular judgment, or no capacity to act as a court. Id. All errors other than
jurisdictional deficiencies render a judgment merely voidable, and such errors must
be corrected on direct attack. See id.; see also Plains Growers, Inc. v. Jordan, 519
S.W.2d 633, 637 (Tex. 1974) (lack of notice of hearing or signed judgment do not
render judgment void). 

 Here, Phillips's motion constituted a collateral attack on the 1986 decree and
the 1992 order because it did not seek the rendition of a new judgment to correct
those under attack, but instead sought to show merely that the original decree and
order were void. See Kidd, 904 S.W.2d at 900. Because a lack of notice would not
render the 1986 decree or the 1992 order void, Phillips's assertions that he never
received notice of the divorce action, the 1986 divorce decree, the hearing on his
motion to stay, or the 1992 order denying his motion to stay were not properly made
in his motion to declare judgments void. See id.; see also Plains Growers, Inc., 519
S.W.2d at 637. We agree with the trial court's second conclusion of law, in which
the trial court properly recognized that Phillips's complaints about lack of notice
could not be asserted as a collateral attack in his motion to declare judgments void. 
For this reason, neither the 1986 decree nor the 1992 order could be declared void for
lack of notice.

Personal Jurisdiction

 Phillips also challenged the 1986 decree on the grounds that the trial court
lacked personal jurisdiction, and, in its conclusions of law, the trial court stated that
the 1986 decree was void because the divorce petition did not plead facts sufficient
to establish long-arm jurisdiction over Phillips, a non-resident of Texas. (1) Because the
divorce petition requested the appointment of a managing and possessory conservator
over the Phillips children, as well as child support, the suit was one affecting the
parent-child relationship. See Tex. Fam. Code Ann. § 101.032(a) (Vernon 2002). 
In a suit affecting the parent-child relationship, a court may exercise personal
jurisdiction over a non-resident if "the person submits to the jurisdiction of this state
by consent, by entering a general appearance, or by filing a responsive document
having the effect of waiving any contest to personal jurisdiction . . . ." Tex. Fam.
Code Ann. § 102.011(b)(2) (Vernon 2002). A party enters a general appearance
whenever it invokes the judgment of the court on any question other than the court's
jurisdiction; if a defendant's act recognizes that an action is properly pending or seeks
affirmative action from the court, that is a general appearance. Moore v. Elektro-Mobil Technik GmbH, 874 S.W.2d 324, 327 (Tex. App.--El Paso 1994, writ denied).

 Here, Phillips filed two motions seeking affirmative action from the trial court
before filing his motion to declare the 1986 decree void for want of personal
jurisdiction. Specifically, in 1991, Phillips filed a motion to stay delivery of the writ
of withholding, and, in 2005, a motion to confirm child support arrearages. In his
motion to confirm arrearages, Phillips sought affirmative relief from the trial court in
the form of a temporary restraining order, sanctions, and attorneys fees. Because
Phillips invoked the judgment of the court on a question other than the court's
jurisdiction, he entered a general appearance. See id. By entering a general
appearance, Phillips consented to the trial court's exercise of personal jurisdiction. 
See Tex. Fam. Code Ann. § 102.011(b)(2). Because Phillips consented to the trial
court's exercise of personal jurisdiction, we hold that the trial court erred in
concluding that the 1986 decree was void because no jurisdictional facts were pled
in the divorce petition. 

 Because the trial court adjudged that Phillips owed $0 in child support arrears
and ordered the Attorney General to return funds levied from his account as a result
of the finding that the 1986 decree and 1992 order were void, the error in granting
Phillips's motion probably caused the rendition of an improper judgment. See Tex.
R. App. P. 44.1(a). As such, it is reversible error. Id. 

 Accordingly, we sustain the Attorney General's first issue. Judgment on Arrearage and Levied Money

 In its second and third issues, the Attorney General argues that (1) the trial
court erred in confirming Phillips's arrears at $0 because that finding was based on
an incorrect conclusion of law, namely the conclusion that the 1986 decree and the
1992 order were void, as well as legally and factually insufficient evidence, and (2)
the trial court erred in ordering the Attorney General to return levied money based on
the same incorrect conclusion of law. We agree. 

 An erroneous finding of fact or conclusion of law does not mandate that
judgment of trial court must be reversed. Lee v. Lee, 981 S.W.2d 903, 906 (Tex.
App.--Houston [1st Dist.] 1998, no pet.). If the judgment is otherwise correct upon
the merits, it is not to be reversed because the trial court grounded it upon incorrect
legal reasons. Id. Here, in its sixth and seventh conclusions of law, the trial court
concluded that, "[b]ecause the 1993 [sic] Order on Motion to Stay and the provisions
of the divorce decree ordering support are void, Joe V. Phillips owes $0 in child
support arrears as a matter of law" and "[b]ecause Joe V. Phillips owes $0 in child
support arrears, the Office of the Attorney General was not entitled to levy his Wells
Fargo account." That is, the trial court premised its judgment confirming arrears and
ordering the return of levied funds on its conclusion that the 1986 decree and the
1992 order were void, a conclusion we held to be erroneous. The record does not
demonstrate any other basis which would render the trial court's judgment confirming
arrears at $0 and ordering the return of levied funds correct. As a result, we hold that
the trial court erred in adjudging Phillips's child support arrears at $0 and in ordering
the Attorney General to return the levied funds. 

 Accordingly, we sustain the Attorney General's second and third issues. 

Conclusion

 Because we have concluded that neither the 1986 decree nor the 1992 order is
void, we reverse the judgment confirming arrears at $0 and ordering the Attorney
General to return funds levied from Phillips's bank account. We remand Phillips's
motion to confirm child support arrearages to the trial court for further consideration. 




 

 George C. Hanks, Jr.

 Justice


Panel consists of Justices Nuchia, Hanks, and Bland.

1. ' -
 - 
 - 
 ' 
 
 -- - - 
 - 
 -- 
 ' 
 
 
 '