**Opinion issued June 6, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00194-CV

_____

**GERARD GUERINOT AND BETTE GUERINOT, Appellants**

**V.**

**DONNA WETHERELL, Appellee**

---

**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Case No. 2007-53957**

---

## MEMORANDUM OPINION

The trial court granted Donna Wetherell's application for a turnover order to aid in the enforcement of a default judgment against Gerard and Bette Guerinot. On the Guerinots' appeal, we determine whether (1) the Guerinots properly

invoked this Court's appellate jurisdiction by filing a timely notice of appeal, (2) the trial court had jurisdiction to issue the turnover order, and if so, (3) the trial court erred by issuing the turnover order. Concluding that the record does not support the trial court's issuance of the turnover order against the Guerinots, we vacate the order.

## Background

Donna Wetherell obtained a default judgment against her brother, Gerard Guerinot, and his wife, Bette Guerinot, arising from Gerard's breach of a promissory note. According to Wetherell, the dispute underlying the promissory note concerned the administration of the estate of her mother, Mary Louise Guerinot. The Guerinots did not challenge the default judgment by appeal, restricted appeal, or bill of review. When the default judgment went unsatisfied, Wetherell applied for a turnover order in the same court that rendered the default judgment. The Guerinots filed a response to the turnover application, challenging the propriety of the default judgment on the basis that Wetherell obtained it through fraud.

After a hearing on the turnover application, the trial court found that Wetherell was a judgment creditor with a judgment in the amount of $55,371.47 against the Guerinots that remained wholly unsatisfied; Gerard had a one-half beneficiary interest in the estates of his parents, Walter C. Guerinot and Mary

2

Louise Guerinot; and money was held in the name of Gerard, Bette, Walter, and Mary Louise in the Unclaimed Property Funds of Texas and New York. The trial court then ordered the Guerinots to (1) "turnover their interest to the [unclaimed funds], which interest totals approximately $17,165.77 (100% interest in $1,104.14 [the monies held in the Guerinots' own names] and 50% interest in $32,123.26 [the monies held in the names of Gerard's deceased parents]) in Texas, as well as an unknown amount in New York" and (2) "execute any and all documents required by the entity holding the above funds . . . in order to allow such funds to be transferred from the entities currently holding them to [Wetherell]." This appeal followed.

## Jurisdiction

At the outset, the Guerinots raise two jurisdictional issues. Their first issue regards the timeliness of their notice of appeal and thus implicates our jurisdiction to review the trial court's turnover order. Their second issue relates to the jurisdiction of the trial court to enter the turnover order. We overrule both of these issues for the following reasons.

## A.     Appellate court jurisdiction

The Guerinots first complain that the trial court erred in designating the turnover order as an interlocutory order from which an appeal had to be taken under the accelerated deadline stated in rule 26.1(b) of the Texas Rules of

3

Appellate Procedure. *See* TEX. R. APP. P. 26.1(b) (establishing 20-day deadline for filing notice of accelerated appeal). According to the Guerinots, the turnover order constitutes a final judgment that was subject to challenge under the rules governing ordinary appeals. *See* TEX. R. APP. P. 26.1 (establishing 30-day deadline for filing notice of ordinary appeal).

The basis for the Guerinots' complaint is not clear; the order itself does not state that it is interlocutory, and the trial court did not make any oral pronouncements regarding the character of the order at the turnover hearing. Thus, we do not find any reason to declare error on the trial court's part. Moreover, the Guerinots' notice of appeal invoking this Court's jurisdiction was not untimely. It is settled that a turnover order is a final, appealable judgment. *Schultz v. Fifth Judicial Dist. Court of Appeals at Dallas*, 810 S.W.2d 738, 740 (Tex. 1991) (holding that court of appeals had jurisdiction to hear contempt motion for violation of turnover order because order entered pursuant to turnover statute, like mandatory injunction, is final judgment), *abrogated on other grounds by In re Sheshtawy*, 154 S.W.3d 114 (Tex. 2004); *see also Burns v. Miller, Hiersche, Martens & Hayward, P.C.*, 909 S.W.2d 505, 506 (Tex. 1995) (per curiam) (holding that appellate court erred in applying interlocutory appellate deadlines to appeal from turnover order "because a turnover order is a final, appealable judgment"). Because the Guerinots filed their notice of appeal within the thirty

4

days permitted by the rule governing ordinary appeals from a final judgment, this Court has jurisdiction over their appeal. *See* TEX. R. APP. P. 26.1; *see also Burns*, 909 S.W.2d at 506.

## B. Trial court jurisdiction

The Guerinots next complain that the trial court was without jurisdiction to enter the turnover order because the underlying default judgment is void due to the trial court's failure to recite the basis of its jurisdiction on the face of the judgment. The Guerinots assert that because the default judgment does not recite the basis for the trial court's jurisdiction, we should consider extrinsic evidence that Wetherell fraudulently obtained the default judgment.

A judgment is void only when it is apparent that the court rendering judgment "had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a court." *Browning v. Placke,* 698 S.W.2d 362, 363 (Tex.1985). Jurisdictional recitations in a judgment that is regular on its face import absolute verity and can be attacked only directly by appeal, writ of error, or bill of review, not collaterally as the Guerinots attempt here. *Akers v. Simpson*, 445 S.W.2d 957, 959 (Tex. 1969); *Solomon, Lambert, Roth & Assocs., Inc. v. Kidd*, 904 S.W.2d 896, 900 (Tex. App.—Houston [1st Dist.] 1995, no writ). Even "'when the recitations of the judgment on a particular subject are insufficient affirmatively to show jurisdiction,

so long as they do not show affirmatively a lack of jurisdiction, the usual presumption in favor of the judgment prevails.'" *Kidd*, 904 S.W.2d at 901 (quoting *Huffstutlar v. Koons*, 789 S.W.2d 707, 710 (Tex. App.—Dallas 1990, no writ)).

The default judgment in this case neither expressly states the basis for the trial court's jurisdiction, nor affirmatively demonstrates the absence of jurisdiction. On its face, the default judgment recites that the Guerinots were duly served, they failed to appear and answer, and Wetherell was entitled to judgment in an amount in excess of the minimum jurisdictional limits of the trial court. Because the default judgment under attack does not affirmatively show a lack of jurisdiction, a presumption of jurisdiction applies and the Guerinots' complaints about the merits of the default judgment fail. *See id.*

## Turnover Order

The Guerinots' remaining issues pertain to the trial court's ruling under the turnover statute. The turnover statute, section 31.002 of the Civil Practice and Remedies Code, entitled "Collection of Judgment Through Court Proceeding," is a procedural device that assists judgment creditors in reaching a judgment debtor's property that is not easily seized by the more typical post-judgment procedures of execution or garnishment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002 (West 2008). Although the Guerinots assert a number of challenges to the trial court's turnover order, we address only one challenge—the absence of evidence to

6

indicate that the Guerinots owned any nonexempt property that could not be readily attached or levied on by ordinary legal process and thus was subject to turnover—because it is dispositive of this appeal.[1]

## A.     Standard of review

The issuance of a turnover order is reviewed for abuse of discretion. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). Under the abuse-of-discretion standard, legal and factual insufficiency challenges do not constitute independent grounds for error, but are factors we examine in assessing whether the trial court abused its discretion. *Tanner v. McCarthy*, 274 S.W.3d 311, 322 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Jones v. Am. Airlines, Inc.*, 131 S.W.3d 261, 266 (Tex. App.—Fort Worth 2004, no pet.). A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner, without reference to any guiding rules and principles. *Beaumont Bank*, 806 S.W.2d at 226. We will not reverse if there is some evidence of a substantive and probative character to support the trial court's decision. *Burns v. Miller, Hiersche, Martens & Hayward, P.C.,* 948 S.W.2d 317, 324 (Tex. App.—Dallas 1997, pet. denied); *Tanner*, 274 S.W.3d at 321−22.

---

[1]     The arguments we do not reach include the Guerinots' assertions that the trial court erred by (1) subjecting unidentified and undetermined interests in property to turnover; (2) requiring the direct transfer of property to Wetherell, rather than to a constable, the court's registry, or some other third-party intermediary; and (3) failing to make a finding that the property ordered to be turned over by third parties was subject to the Guerinots' control.

**B.      Lack of evidence to support turnover**

As part of their third issue, the Guerinots argue the trial court abused its discretion in entering a turnover order because Wetherell did not present sufficient evidence of the conditions pursuant to which a judgment creditor may receive aid under the statute, namely, that the Guerinots owned any nonexempt property that could not be readily attached or levied on by ordinary legal process.

The turnover statute provides in subsection (b) that to aid a judgment creditor in the collection of an unsatisfied judgment, a trial court may:

> (1) order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution;
>
> (2) otherwise apply the property to the satisfaction of the judgment; or
>
> (3) appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment.

TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(b).

The relief allowed in subsection (b) may be granted only when the conditions in subsection (a) exist. *Tanner*, 274 S.W.3d at 322. Under subsection (a), a judgment creditor may receive aid from the trial court only if the judgment debtor owns property that is nonexempt and that could not readily be attached or levied on by ordinary legal process. TEX. CIV. PRAC. & REM. CODE ANN.

8

§ 31.002(a). Conversely then, a judgment creditor may not receive aid from the court under section 31.002 if the judgment debtor does not own nonexempt property that could not readily be attached or levied on by ordinary legal process. *Id.*; *see Tanner*, 274 S.W.3d at 322 (listing elements of obtaining relief under section 31.002(b), including proof that judgment debtor owns property that (1) cannot be readily attached or levied on by ordinary legal process and (2) is not exempt from attachment, execution, or seizure for satisfaction of liabilities).

Section 31.002 does not specify the manner in which evidence may be received in order for a trial court to determine whether the conditions of section subsection (a) exist, or state the form, level of specificity, or quantum of the evidence. *Tanner*, 274 S.W.3d at 322. However, a trial court must determine that a pending request for aid falls within the scope of section 31.002 before it enters an order granting relief under that section. *See Main Place Custom Homes, Inc. v. Honaker*, 192 S.W.3d 604, 628 (Tex. App.—Fort Worth 2006, pet. denied) (explaining that turnover statute does not require notice and hearing, but "a factual showing that the judgment debtor has nonexempt property that is not readily subject to ordinary execution is of particular importance in applying section 31.002."). In making this determination, the trial court must have some evidence before it that establishes the existence of the conditions necessary for section 31.002's application. *Tanner*, 274 S.W.3d at 322; *Schultz*, 810 S.W.2d at 740

9

(holding that turnover statute requires factual showing that judgment debtor has nonexempt property that is not readily subject to ordinary execution); *Clayton v. Wisener*, 169 S.W.3d 682, 683−84 (Tex. App.—Tyler 2005, no pet.) (holding that trial court abused its discretion in entering turnover order without any evidence of facts required by section 31.002(a) and based only on motion and argument of judgment creditor's counsel); *accord Buller*, 806 S.W.2d at 226 (holding that lack of evidence to support turnover order is relevant consideration in determining whether trial court abused its discretion in entering order).

The order in this case subjected two general categories of property to turnover: (1) monies held by the Texas Comptroller in the Texas Unclaimed Property Fund in the Guerinots' own names and (2) monies held by the Texas Comptroller and the New York State Comptroller in their respective state's Unclaimed Property Funds in the names of Walter C. Guerinot, Mary Louise Guerinot, and Mary L. Sullivan. Regarding this property, Wetherell's application for turnover recites:

> Defendant Gerard Guerinot is believed to be a beneficiary, heir, or assignee of rights with respect to any remaining assets of the estates of Walter C. Guerinot and Mary Louise Guerinot. It is believed that Plaintiff Donna Wetherell has a one-fourth beneficiary interest in the estates of Walter C. Guerinot and Mary Louise Guerinot; that Debtor Gerard Guerinot has a one-half beneficiary interest in the estates of Walter C. Guerinot and Mary Louise Guerinot (his one-fourth interest plus the one-fourth interest of his sister Eileen Moen believed to be previously assigned to him); and that the heirs of Joseph Guerinot have a one-fourth beneficiary interest in the estates of Walter C.

10

Guerinot and Mary Louise Guerinot. Such remaining assets may include "Unclaimed Property" held by the State of Texas, State of California, State of New York, or any other government or business entity, and specifically those identified hereto in Exhibit A.

As stated in the motion, Wetherell attached a single exhibit—Exhibit A— in support of the recitations in her application for the turnover order. The exhibit appears to be a copy of information from the Texas Comptroller's website listing the property held in the Texas Unclaimed Property Fund in the names of Gerard, Bette, Walter, and Mary Louise. Wetherell, however, did not introduce the exhibit into evidence during the hearing on her turnover application, or offer any testimonial or other documentary evidence at the hearing to support her assertions of Gerard's interest as a beneficiary to his parents' estate or the monies in the New York Unclaimed Property Fund.

Documents attached to pleadings are not evidence unless they are offered and admitted as evidence by the trial court. *See Atchison v. Weingarten Realty Mgmt. Co.,* 916 S.W.2d 74, 76−77 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (observing that mere physical presence of document in clerk's record does not allow appellate court to consider document that is otherwise not properly part of appellate record); *cf. Tanner*, 274 S.W.3d at 323 (holding that trial court erred by ordering turnover because application adduced no evidence, by affidavit or otherwise, that would have provided trial court basis for concluding debtor owned nonexempt property subject to turnover); *City of Galveston v. Shu,* 607 S.W.2d

11

942, 944 (Tex. Civ. App.—Houston [1st Dist.] 1980, no writ) (summary judgment affidavits and evidence were not admitted at trial, and on appeal from trial on merits, appellate court cannot consider summary judgment evidence that was not admitted in evidence at trial); *Am. Fire & Indem. Co. v. Jones,* 828 S.W.2d 767, 769 (Tex. App.—Texarkana 1992, writ denied) (document assigning rights in truck was attached to pleadings, but was not introduced into evidence; therefore, no evidence in record supported trial court's finding of ownership); *see also El Paso Field Servs. Mgmt., Inc. v. Lopez*, No. 01-07-00999-CV, 2010 WL 2133885, at *5 n.6 (Tex. App.—Houston [1st Dist.], no pet.) (mem. op.) (refusing to consider evidence attached to motion to modify judgment that was not admitted during hearing on motion). Simply attaching a document to a pleading neither makes the document admissible as evidence nor dispenses with proper foundational evidentiary requirements. Accordingly, because Wetherell did not offer the exhibit into evidence at the hearing, she did not meet her burden of proving that the Guerinots owned any property subject to turnover under section 31.002.

Wetherell argues that the trial court's turnover order nonetheless can be sustained based on the admissions contained in the Guerinots' response to her application. Specifically, Wetherell contends that the Guerinots' response and the exhibits attached to the response constitute binding admissions of Gerard's interest as a beneficiary of Mary Louise's estate. Even had the exhibits attached to the

12

Guerinots' response been admitted into evidence at the hearing on the turnover application, they do not provide a substantive basis for the trial court's ruling. The order admitting Mary Louise's will to probate as a muniment of title and the rule 11 agreement resolving the dispute regarding the administration of Mary Louise's estate establish only that Mary Louise had four children, including Wetherell and Gerard, each of whom had some interest in her estate. The documents do not specify what those interests are, or provide any indication of Gerard's interest in the estate of his father, Walter. In addition, these documents are not any evidence of the ownership of the property made subject to turnover, i.e., the amounts in the Unclaimed Property Funds of Texas and New York. Thus, there is no evidence to indicate that the Guerinots owned any nonexempt property that could not be readily attached or levied on by ordinary legal process.

Although a challenge to the lack of evidence is ordinarily not an independent basis of error, *see Jones*, 131 S.W.3d at 266, this record does not contain any evidence of a substantive or probative character on which the trial court's turnover order can be sustained. *See Tanner*, 274 S.W.3d at 322. Accordingly, we hold that the trial court abused its discretion in entering the turnover order, and we sustain the Guerinots' third issue.

## Conclusion

Having found that the trial court erred in entering the turnover order, we vacate the turnover order.

Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.